CITY OF MOULTRIE *et al.* *v.* MOULTRIE BANKING COMPANY.

No. 8667. September 22, 1932.

*Hoyt H. Whelchel,* for plaintiffs.    *W. G. Martin,* for defendant.

Beck, P. J.    The Moultrie Banking Company brought a petition against the City of Moultrie and its marshal, L. L. Smith, praying that they be enjoined from collecting a municipal tax upon the property of the Moultrie Banking Company for the year 1929. The appearance term was agreed upon as the trial term, and the case came on to be heard by the court upon the pleadings and an agreed statement of facts.    The court made rulings upon questions raised by the defendants' demurrer to the plaintiff's petition and the demurrer of the plaintiff to the answer of the defendants, and rendered a judgment and decree enjoining the defendants from enforcing the execution for taxes.    To the rulings upon demurrers and to the final judgment the defendant excepted.

The decree rendered by the court was as follows:

"The above-stated cause was, by agreement of counsel for the parties at variance, submitted to the court at the appearance term thereof, as the trial term, to pass upon all issues of law and fact, without the intervention of a jury, and render a final decree, without prejudice to the right of either party to except.    Plaintiff prays for an injunction against the defendants to prohibit the enforcement of a tax execution issued by the City of Moultrie against it for taxes for the year 1929, on the ground that said execution is predicated on an illegal assessment, and that the city tax assessors refused to allow any deduction on account of real estate owned by plaintiff, fully paid for and located outside the corporate limits of defendant city, from the assessed value of the shares of plaintiff's shareholders.    The questions presented by the pleadings are involved and technical.    I am of the opinion that it is the purpose of the law to allow deductions to be made from the assessed value of plaintiff's shareholders as made by the city's tax assessors of the

real-estate owned by plaintiff and fully paid for which is without the corporate limits of defendant city. Such construction certainly harmonizes with the fundamental principles of good morals and fairness. The agreed statement of facts discloses that plaintiff has paid defendant city taxes on the value of its stockholders' shares less the value of its real estate located without the corporate limits of the City of Moultrie, which was returned and taxed by the counties where located. Wherefore, upon consideration of the pleadings and the agreed statement of facts, it is considered, ordered and decreed that the defendants and each of them be and they are hereby perpetually enjoined from enforcing the tax execution for the year 1929 against plaintiff, as prayed for in the petition."

In its answer to the petition in this case the defendant pleaded in part as follows: "(11) Defendants admit that it has caused the clerk to issue an execution against petitioner for unpaid taxes for the year 1929 in the principal sum of $7,807.23, on which amount petitioner has paid the sum of $5,648.47, leaving a balance of $2,158.76, besides cost and interest from December 1, 1929, at 7% per annum, but the defendants deny that its clerk unlawfully issued said execution, and further deny the remaining allegations of said paragraph 11 of the petition. (12) Defendants admit that on December 3, 1929, petitioner paid to the defendant, City of Moultrie, on its ad valorem taxes for the year 1929, the sum of $5,648.47, but the defendants deny that said amount was the entire amount lawfully due the City of Moultrie by petitioner as taxes for the year 1929. . . (14) Defendants deny the allegations of paragraph 15 of the petition. Defendants deny said tax execution is illegal and void for any reason set out in paragraph 16 of the petition, and deny: (a) that the same is based upon an assessment for taxes of the paid-in capital, surplus, and undivided profits of the petitioner; (b) that the same is based upon the assessment of real estate owned by petitioner and fully paid for and which lies without the corporate limits of the City of Moultrie; (c) that said execution is not based upon an assessment of the market value of the shares of stock of petitioner's stockholders, as provided by law; (d) that the clerk of the City of Moultrie is without power to issue summary execution for taxes under the charter of the said City or the laws of Georgia. (15) And now having fully answered said petition, paragraph by paragraph, for further plea and answer these defendants show:

(a)   That the plaintiff through its cashier, M. L. Lee, returned to the City of Moultrie the market value of the shares of stock of plaintiff's shareholders for taxes for the year 1929.   In said return said plaintiff, in showing the market value of such shares, represented that it had a paid-in capital of $200,000.00, a surplus of $300,000.00, and undivided profits of $78,313.70.   It further represented that its total capital, surplus, and undivided profits amounted to $578,313.70, and that this was the market value of its shares.   (b)   In making said return the plaintiff deducted from the represented total market value of its shares the sum of $107,-607.11, as being the value of its real estate lying outside the City of Moultrie, leaving a net balance of $470,706.59.   It deducted from said net balance one third thereof, and placed in the total column the figures $313,804.00.   Defendants show that neither of such deductions was authorized by law. . .   (e)   Defendants further show that in making its return the plaintiff attached to the form furnished by the defendant city a separate sheet showing its real estate in the city owned as of April 1, 1929, as required by Acts 1927, page 99, but did not return its money, notes, and accounts, or any of its personal property, it being exempted from so doing by section 11 of the general tax act of 1927 (Georgia Laws 1927, page 99), which said act required the bank to return said shares at their market value, and under which act the plaintiff is claiming the right to deduct its real estate lying outside the city.   Defendants further show that said bank failed to value its real estate lying in said city in said return, because under said tax act it was authorized to deduct from the value of its shares the value of its real estate lying within the city. . .   (j)   The defendants show that under the laws of Georgia said plaintiff does not have the right to deduct from the market value of its shares of stock real estate which it does not return to the taxing authority, and defendants show that petitioner did not return for taxation to the City of Moultrie any real estate lying outside the limits of the city.   (k)   That said plaintiff owned on April 1, 1929, personal property, consisting of bank fixtures, money, notes and accounts, of the value of $2,300,000.00, on which it is justly due the defendant city taxes for the year 1929, which taxes it has failed to pay.   (l)   These defendants show that section 11 of the general tax act of 1927 (Georgia Laws 1927, page 99), under which statute the plaintiff is claiming the right to relief in this

suit, is unconstitutional and void, and is in violation of article 7, section 2, paragraphs 1, 2, 4, and 5 of the constitution of the State of Georgia. (m) These defendants show that the following portions of section 11 of the general tax act of 1927 (Georgia Laws 1927, page 99), to wit: 'No tax shall be assessed upon the capital of banks or banking associations organized under the authority of this State, located within this State.' And 'provided further, that where real estate is fully paid for, the value at which it is returned for taxation may be deducted from the market value of their shares, and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares,' are unconstitutional and void, and in violation of article 7, section 2, paragraphs 1, 2, 4, and 5 of the constitution of the State of Georgia. (n) These defendants show that section 11 of the general tax act of 1927 (Georgia Laws 1927, page 99) is unconstitutional and void, being in violation of article 7, section 2, paragraphs 1, 2, 4, and 5 of the constitution of the State of Georgia, in so far as it prohibits the City of Moultrie from levying a tax upon the paid-in capital, surplus, and undivided profits of the plaintiff bank; and in so far as it requires to be deducted from the market value of the shares of the plaintiff bank returned for taxation, real estate lying within or without the limits of the City of Moultrie and belonging to said bank."

The plaintiff demurred to the defendant's answer upon several grounds. The 6th ground of this demurrer was: "The defendants are estopped from raising the constitutional questions presented in paragraph 15-l to 15-n, both inclusive; it having sought and accepted a charter from the State granting it the power of taxation and providing the method for the exercise of said power, it will not be heard to question the validity of such taxing power." The court overruled all of the grounds of demurrer except the 6th, just quoted. The defendants excepted especially to the sustaining of the 6th ground of the demurrer to the defendants' answer.

Section 11 of the general tax act of 1927 (Georgia Laws 1927, p. 99) is as follows: "Banks. Be it further enacted by the authority aforesaid, that no tax shall be assessed upon the capital of banks or banking associations organized under the authority of this State, or the United States, located within this State, but the shares of

the stockholders of the banks or banking associations, whether resident or non-resident owners, shall be taxed in the county where the bank or banking association is located, and not elsewhere, at their full market value, including surplus and undivided profits, at the same rate provided in this act for the taxation of other property in the hands of private individuals. Provided, that nothing in this section contained shall be construed to relieve such banks or banking associations from the tax on real estate held or owned by them, but they shall return said real estate at its true market value in the county where located. Provided further, that where real estate is fully paid for, the value at which it is returned for taxation may be deducted from the market value of their shares; and if said real estate is not fully paid for, only the value at which the equity owned by them therein is returned for taxation shall be deducted from the market value of their shares. The bank or banking associations themselves shall make the returns of the property and the shares therein mentioned and pay the taxes herein provided."

It will be seen from what is stated above that the court, in passing upon the demurrer of the plaintiff to the defendants' answer, held that the defendant could not attack any of the provisions of this section of the general tax act of 1927, but was estopped from doing so, because it had accepted a charter granted by the legislature of the State of Georgia. We can not agree with the court in holding, in effect, that the City of Moultrie was estopped from attacking that section of the act. It is true that the city had a charter granted by the legislature, but that charter had been granted before the passage of this tax act. Even if a city could not attack any of the provisions of an act passed prior to the granting of its charter which it had accepted, we do not think that it is estopped from attacking as unconstitutional acts which vitally affect it, passed subsequently to the granting and acceptance of the charter. To illustrate by an extreme example: Suppose that an act which by its caption purported to be an act to amend the charter of the City of A, the caption of which made no reference to any other subject, should be passed by the legislature of Georgia, but in the act there was included a section which vitally affected the City of B, and by its terms deprived the latter city of rights important and essential to the existence of that municipality, could it be said that the City

744

of B could not show that this section of the act affecting its rights was passed in open violation of the constitution of the State, and that it could not raise the question as to whether or not the section of the act referred to, depriving it of essential rights, was void? We think not; and we think this is the only conclusion that could be reached.

It follows from what we have said that the court erred in sustaining ground 6 of the plaintiff's demurrer to the defendants' answer. And in view of the fact that the questions there involved were of such a character as to enter into the consideration of the main and leading questions in this case, whatever took place after the erroneous ruling upon this ground of the demurrer to the defendants' answer was nugatory, and the case is remanded that the court may pass upon the defendants' contention as to the unconstitutionality of those portions of the general tax act of 1927 which appear from the 15th paragraph of the defendants' answer and the subsections thereof, and which are especially insisted upon in the defendants' demurrer.

*Judgment reversed. All the Justices concur, except Bell, J., disqualified.*