## DISPENSARY COMMISSIONERS *v.* THORNTON.

The dispensary commissioners appointed under the local dispensary act for Terrell county, approved December 10, 1897 (Acts of 1897, p. 562), are governmental officials, and not liquor-dealers within the meaning of the tax act of 1896.

Argued October 22, — Decided November 26, 1898.

Illegality. Before Judge Sheffield. Terrell superior court. May term, 1898.

Three executions against the dispensary commissioners of Terrell county, one for $150, claimed to be due the State as a special tax for "carrying on a retail liquor business" during the year 1898 in the town of Dawson in that county, and the others being similar in all respects except as to the town, which in one was Bronwood and in the other Sasser, were levied on certain liquors in the dispensary at Dawson, and the defendants interposed an affidavit of illegality, upon the grounds: (1) The tax-collector was not authorized by law to issue the executions. (2) The dispensary commissioners are in no legal sense dealers in spirituous or malt liquors, intoxicating bitters, or brandy-fruits or domestic wines, as defined by paragraph 15 of section 2 of the general tax act of the State for the years 1897 and 1898 (Acts 1896, p. 24). (3) The dispensary commissioners; in the sale of whisky in the county, are merely discharg-

ing certain public functions and duties required of them under the terms of the act of the General Assembly approved December 10, 1897, which established a board of dispensary commissioners and regulated the sale of liquors in said county through the medium of dispensaries (Acts, p. 562). (4) The dispensary commissioners, in carrying out the provisions of said act, are exercising police powers conferred upon them by the act, and are not liable for special taxes. No issue of fact was raised in the case. The court held that the commissioners were subject to the tax, and overruled the illegality.

*James G. Parks* and *Hoke Smith & H. C. Peeples*, for plaintiff in error. *John R. Irwin*, contra.

Lewis, J. It follows from the decision in the case of *Plumb v. Christie*, 103 *Ga.* 686, that the dispensary commissioners of Terrell county, under the dispensary act for that county, approved December 10, 1897 (Acts of 1897, p. 562), are mere governmental agents or officials, not only empowered but required by the legislature of the State to establish, under certain rules and conditions, dispensaries for the sale of liquors in that county; that this body is not a private corporation, and that these dispensaries are in no sense private institutions, but they are public institutions of the government, created by the State legislature in pursuance of its police power in the interest of public morality. It is true the commissioners in the act are designated a body corporate, but as such they have no financial interest in the business of these dispensaries, are not even paid a salary by virtue of their office, and represent no individual stockholders who are entitled to any income from the profits derived from the business. The power of establishing these dispensaries is conferred upon the commissioners of roads and revenues of Terrell county, and their successors, and in effect they are simply made under the act, by virtue of their office, dispensary commissioners of Terrell county. Even the managers employed by this body, who are actively engaged in the sale of these liquors, do not depend for their pay upon the income derived from such sale, but the act provides that their compensation shall be fixed without any regard whatever to

the profits of the enterprise. The net profits realized pass into public treasuries, one half going to the county, and the other to the municipality in which these dispensaries are located. These dispensaries then being established by the government, and for the governmental purpose of protecting the morals of the people, they are really governmental institutions, and the only question for consideration is whether or not the tax act approved December 24, 1896 (Acts of 1896, p. 21 et seq.), imposing a tax upon all dealers in spirituous or malt liquors, etc., (see division 15, p. 24, of that act), applies to this business. If it does, manifestly this would be tantamount to the government taxing itself, or imposing a tax upon the public. Cooley, in his work on Taxation, says: "Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in adopting them. Such is the case with property belonging to the State and its municipalities, and which is held by them for governmental purposes. All such property is taxable, if the State shall see fit to tax it; but to levy a tax upon it would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed, whose compensation would go to increase the useless levy. It can not be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the State and by all its municipalities for governmental purposes was intended to be excluded, and the law will be administered as excluding it in fact." It is true the tax in question is one not upon public property, but upon a business or occupation; but the same principle will apply where such business is being conducted by the government or its subordinate branches, and where the payment of the tax must necessarily come out of the public funds. The dispensary act itself not imposing such a burden upon these commissioners, we do not think the power of levying the tax can be derived from the general tax act of the State. An ex-

.amination of the dispensary act itself will show that the commission could not properly be classed with liquor-dealers under the tax act. No sales under this local act can ever be allowed for private gain. The liquor-dealers licensed to sell under the laws of the State are not required to make the oath or give the bond required by the act of 1897.. They are not restricted as to who shall manage their business, as are the dispensary commissioners. They are not restricted by the State laws as to the quantity that may be sold or what hours they may sell, nor by the provision that what they sell may not be drunk on the premises, nor as to breaking packages, making reports, or disposition of the proceeds, etc. All the proceeds of the dispensaries must be turned over to the county and town authorities, and the requirement to establish dispensaries is mandatory. We do not mean to say that the legislature can not impose a tax upon such a business conducted in the public interest. That question is not now before us. What we do decide is, that there is no existing law in this State which, by fair and reasonable construction, imposes any tax upon the business of dealing in liquors through the medium of this public dispensary. We therefore think that the court erred in overruling the illegality.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*