CITY OF PIERRE, Appellant, v. STOUT, Secretary of Agriculture, et al, Respondents.

(276 N. W. 922)

(File No. 8121. Opinion filed December 24, 1937)

*E. W. Stephens,* City Atty., of Pierre, for Appellant.

*Clair Roddewig,* Atty. Gen., and *R. F. Drewry,* Asst. Atty. Gen., for Respondents.

PER CURIAM. Plaintiff, City of Pierre, a municipal corporation, is the holder of a class "C" license for the sale of intoxicating liquors. Chapter 146, Laws 1937, imposed upon all stocks of liquor and high point beer in the possesion of or under control of all retail liquor dealers, including holders of class "C" licenses, on July 1, 1937, a tax of 10 per cent of the wholesale price. Plaintiff city has not paid this tax and has instituted this action to enjoin the defendants from enforcing or attempting to enforce payment of the tax, asserting that the city is exempt from payment by reason of the provisions of section 5, article 11, of the State Constitution, which provides that "the property of * * * Municipal Corporations, both real and personal, shall be exempt from taxation." Defendants demurred to the complaint, and this appeal is from the order sustaining the demurrer.

The constitutional provision referred to applies exclusively to taxation of property. In re McKennan's Estate, 25 S. D. 369, 126 N. W. 611, 33 L. R. A., N. S., 606; State v. City of Sioux Falls, 60 S. D. 330, 244 N. W. 365. The contention of plaintiff is unsound because the tax in question is an excise and not a tax on property. Barnes v. Stout, 65 S. D. 592, 276 N. W. 920.

It is further contended that, if it be conceded that the tax under consideration is not a property tax, nevertheless munici-

palities are not required to pay the tax. Chapter 149, Laws 1937, imposes an additional excise tax upon wholesalers; it provides that in addition to other taxes required to be paid by wholesalers a tax of 10 per cent upon the gross receipts from all sales of intoxicating liquor and high point beer shall be paid. The statute in question as indicated by the title was enacted "to Make Effective the Collection of the Tax Imposed" by chapter 149. The Legislature intended to prevent by the purchase of stocks of liquor prior to the effective date of the act, July 1, 1937, the evasion of the burden of paying any additional amount that may be added to the price of liquor and high point beer occasioned by the gross receipts tax. Under the provisions of chapter 149, wholesalers are not permitted to make deduction of receipts arising from sales of liquor and high point beer to municipalities in computing the amount of the tax, and it is not contended by plaintiff that municipalities engaged in selling intoxicating liquor at wholesale are relieved from paying any enhanced price occasioned by the gross receipts or other tax upon wholesalers. Chapter 146, Laws 1937, imposes a tax upon "all retail liquor dealers in South Dakota," and does not expressly exempt municipalities from payment of the tax.

In the case of Dispensary Commissioners of Terrell County v. Thornton, 106 Ga. 106, 31 S. E. 733, cited by the plaintiff, recovery was sought against the defendants for taxes imposed upon all retailers in spiritous or malt liquors. In the state of Georgia, designated county officials were not only empowered but were required by mandatory provisions of statute to establish liquor dispensaries. Under section 43, chapter 134, Laws 1935, as amended by chapter 144, Laws 1937, a municipality is authorized to engage in the sale of intoxicating liquor at retail when the electors thereof have so voted and the municipality has applied for and obtained either an off-sale or an on-sale license. City of Pierre v. Siewert, 63 S. D. 485, 261 N. W. 42. The tax in question as we have indicated is in no sense a tax upon the property of a municipality and having imposed the tax upon all retail licensees, the Legislature has not indicated an intention to exempt municipalities from payment of the tax charged for the privileges included within the terms of the act. We are not here concerned with a statute requiring by mandatory provisions the establishment of public dispensaries, and are not

required to determine whether in such instance there is a taxable privilege. We therefore believe that the trial court did not err in sustaining the demurrer to the complaint and the order appealed from is therefore affirmed.

No costs to be taxed.

All the Judges concur.