BARNES, et al, Appellants, v. STOUT, Secretary of Agriculture, et al, Respondents.

(276 N. W. 920)

(File No. 8114.   Opinion filed December 24, 1937)

*Louis H. Smith, B. O. Stordahl,* and *R. C. Riter,* all of Sioux Falls, for Appellants.

*Clair Roddewig,* Atty. Gen., and *R. F. Drewry,* Asst. Atty. Gen., for Respondents.

ROBERTS, J.   This action was brought to enjoin the defendants, their agents, representatives, and successors in office, from enforcing or attempting to enforce against the plaintiffs and others similarly situated the collection of a tax imposed upon all stocks of liquor in the possession or under the control of retail dealers on July 1, 1937, by the provisions of chapter 146, Laws 1937. The court held that this statute is constitutional and sustained the demurrer to the complaint.   Plaintiffs appeal.

The determination of the constitutionality of the statute in question requires an analysis of the provisions of the Liquor Control Act, chapter 134, Laws 1935, as amended by chapters 143 and 149, Laws 1937, imposing taxes on wholesalers and retailers of intoxicating liquor.   The amendments increased what is called an "excise tax" per gallon on all intoxicating liquor intended for sale or use in this state.   This tax is paid by the purchase, affixing, and canceling of stamps on containers.   Section 7, chapter 143, Laws 1937, reads as follows:

"All wholesale dealers and all retail dealers having stocks of liquor on hand or under their control on the first day of July, 1937, shall make a full, true and correct inventory thereof, and shall, within ten days thereafter, affix additional stamps upon the containers, pursuant to the provisions of this Act, and the State Treasurer shall, for a period of ten days, be permitted to receive orders and deliver stamps to any licensee in the State of South Dakota for the purpose of complying with this section. it being the inten-

tion of this section to require all licensees who have purchased intoxicating liquor prior to July 1, 1937, which does not have attached to the containers the stamps required by this Act to pay the tax thereon and affix stamps thereto."

Section 1, chapter 149, Laws 1937, amending the statute of 1935, § 7 also imposes a gross receipts tax on wholesalers as follows:

"In addition to any, and all other taxes, fees or impositions required to be paid by all persons subject to the provisions of this Act, there is hereby imposed upon Class A and Class B licensees, as herein defined, a tax of ten per cent (10%) upon the gross receipts from all sales of intoxicating liquor and high point beer as herein defined, in the State of South Dakota."

The Legislature to prevent the avoidance of the tax upon gross receipts by the purchase of stocks of liquor and high point beer prior to the effective date of chapter 149 enacted chapter 146, Laws 1937. Section 1 of this act provides:

"There is hereby imposed upon all stocks of liquor and high point beer, on hand, in transit, under control of, or in the possession of all retail liquor dealers in South Dakota, and upon all liquor and high point beer purchased prior to July 1, 1937, for future delivery to such dealer on and after July 1, 1937, a tax equal to the tax imposed upon the wholesale sale of liquor by House Bill No. 189 [chap. 149] of the Twenty-fifth Legislative Assembly of the State of South Dakota. It shall be the duty of every retail liquor dealer in the State of South Dakota, on the first day of July, 1937, to make a full, true and correct inventory of the entire stock of intoxicating liquor and high point beer on hand, in his possession, in transit, under his control, or which has been purchased for future delivery on and after the first day of July, 1937, and to file said inventory with the Secretary of Agriculture before July 15, 1937, and to pay upon the amount of said inventory, ten pen cent of the wholesale price of said stock of liquor and high point beer."

This statute imposes upon retail liquor dealers a "tax equal to the tax imposed upon the wholesale sale of liquor" by chapter 149; its title recites that the tax is imposed "to make effective the collection of the tax imposed" upon the gross receipts

from all sales of intoxicating liquor by wholesalers. It is the contention of plaintiff that the imposition of the tax under the provisions of chapter 146 is dependent upon the validity of the tax of 10 per cent upon all sales of intoxicating liquor and high point beer by wholesalers under the provisions of chapter 149. It is claimed that this latter statute is unconstitutional for the reason that it is a property tax upon the gross receipts dollar and constitutes a multiple taxation of property. The distinction between property taxes and excises is not easy of application when applied to particular taxes. In each case the character of the tax must be ascertained by its incidents and no positive rule can be stated by means of which they may be distinguished. Dawson v. Kentucky Distilleries & Warehouses Co., 255 U. S. 288, 41 S. Ct. 272, 275, 65 L. Ed. 638. In State ex rel. Botkin v. Welsh, 61 S. D. 593, 251 N. W. 189, the plaintiff attacked as unconstitutional the gross income tax law. So far as concerned the nature of the tax, this court held that the tax (gross receipts being its measure) was an excise tax upon all businesses, professions, trades, and callings and not a property tax. The language of that decision makes it clear that the character of a tax is not determined by the mode adopted in fixing its amount. If the wholesale price may be regarded as the value of the product, this does not make the tax a property tax because it is based on the value of the product used in connection with the privilege taxed. Plaintiffs rely on the decision of the Supreme Court of the United States in the case of Dawson v. Kentucky Distilleries & Warehouse Co., supra. We believe that the tax in question is readily distinguishable from the tax which was held to be a property tax in that case. The tax considered in that case was upon whisky either withdrawn from bond or transferred from within the state to a point outside the state. The tax was not upon a business or occupation. It was a tax on ownership and as stated by the court "to levy a tax by reason of ownership of property is to tax the property." The tax in dispute is not on the product. It is not on the right of ownership, but is collectible only from those who are engaged in the business of selling intoxicating liquor. West Indian Oil Co. v. Gallardo, 1 Cir., 6 F. 2d 523; Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341; see, also, annotation in 103 A. L. R. 18.

█ It is also contended that if the tax in dispute is an excise or privilege tax, it is unconstitutional for the reason that when a tax to engage in a business has been exacted another excise or privilege tax cannot be imposed by the same taxing agency on the same privilege. We need not consider whether the imposition of one tax prevents the Legislature from imposing another excise tax upon the same privilege. The provisions requiring wholesalers of intoxicating liquor to pay a specified tax per gallon and the 10 per cent gross receipts provision are contained in the same statute. Section 7, chapter 134, Laws 1935, as amended by chapter 149, section 1, Laws 1937. The Legislature having authority to impose an excise tax upon the privilege of selling intoxicating liquor, we fail to understand why a part of the tax cannot be based upon gallonage and paid by purchasing, affixing, and canceling stamps and the other part levied on the gross receipts. We believe that this is the effect of the statute and it was within the discretion of the Legislature so to provide.

█ The complaint alleges that the imposition of the tax in dispute is "unreasonable, confiscatory and prohibitive" and has the effect of depriving plaintiffs "of their property and property rights without due process of law" and of denying to them equal protection of the law. The Attorney General contends that these claims are entirely conjectural and too remote to give any standing in a court of equity. We are content, however, for the purposes of decision to assume that the allegations of the complaint are sufficient to present the question whether the Legislature may impose an excise tax so large as to result in effect in the prohibition of the business of selling intoxicating liquor. When the power to tax exists, the extent of the burden is for the determination of the Legislature. But conceding that so far as the right to engage in an ordinary useful business is concerned, an act might be so unreasonable as not to constitute an exercise of the taxing power and be violative of constitutional rights, we do not believe, however, that such limitation that a Legislature may not under the guise of a tax law destroy or prohibit such a business would have application to the business of manufacturing or selling intoxicating liquor. There is no natural or inherent right to engage in such business or occupation and it is within the right of the Legislature to regu-

late or prohibit the same. State v. Buechler, 10 S. D. 156, 72 N. W. 114. As stated by this court in City of Pierre v. Siewert, 63 S. D. 485, 261 N. W. 42, 44, referring to the provisions of chapter 134, Laws 1935: "It is our opinion that the tax provided in Sections 7, 8, and 9 is a provision in accord with the general object of the act. It is a condition under which the sale and distribution of intoxicating liquors is permitted and, as such, comes within the object of the law, which object is to make provision for the manufacture, sale, and distribution of that which had heretofore been illegal. That the law is, perhaps, in the nature of a police regulation does not necessitate the exclusion of the tax feature." If a conclusion were reached that the amount of this excise tax under the amended statute is so excessive as to bring about the destruction of the business in which plaintiffs are engaged, no deprivation of due process of law nor a denial of the equal protection of the law would result.

The order appealed from is affirmed.

All the Judges concur.