## 30394. SLOAN *v.* POLK COUNTY.

DECIDED FEBRUARY 18, 1944. REHEARING DENIED MARCH 2, 1944.

*Henry A. Stewart,* for plaintiff. *C. C. Bunn, Matthews, Owens & Maddox,* for defendant.

SUTTON, P. J.    Guy Sloan filed a petition against Polk County in which he alleged that between May 20 and September 22, 1943, he sold to Polk County 13,830 gallons of gasoline at 14.4 cents per gallon; that the county had failed to pay for the gasoline, and was indebted to him in the sum of $1991.52 and interest thereon; that he had filed a claim with the defendant and given all notice required by law; and that the defendant had failed to pay said claim. He sought a judgment for the principal and interest.

The defendant in its answer admitted that it had received the gasoline as alleged in the petition, and that it had not paid for the same, and set out that the sum claimed by the plaintiff included a State gasoline tax of six cents per gallon; that all of the gasoline was purchased by Polk County for the use and benefit of the county in its corporate capacity; that no part of the gasoline was sold or used for private consumption; that a proper construction of the laws of Georgia does not require payment of the gasoline tax by the State or any political subdivision thereof; and that Polk County was a political subdivision of the State. The answer asked the court to decree that Polk County was not liable for the amount of taxes set out, and that judgment be rendered in favor of the plaintiff against the defendant for $1161.72, the amount admitted to be due.

By agreement of counsel, the case was tried before the judge, without the intervention of a jury, with full power to pass upon all issues of law and fact and to render a final judgment. The case was tried on an agreed statement of facts, the material portions of which are as follows: "Guy Sloan, operating under the trade name of Guy Sloan Motor Service, is a regular gasoline distributor with his residence in Polk County, Georgia, and principal places of busi-

ness in Cedartown and Rockmart, Georgia, and as such distributor he sold and delivered to Polk County, Georgia, at various dates from May 20, 1943, to September 22, 1943, both inclusive, gasoline in the aggregate amount of 13,830 gallons; the price of the gasoline so sold being eight and four-tenths cents per gallon and totaling $1161.72, and this suit is brought for that sum plus six cents per gallon tax claimed by the State of Georgia on the sale of said gasoline to Polk County, Georgia; the amount of which tax so claimed is $829.80. This gasoline was bought and used by Polk County, Georgia, only for legitimate county purposes and no other purpose. Plaintiff by law is charged with the collection of all State of Georgia gas taxes on all gasoline sold by him, during the year 1943. The defendant admits that it purchased for, and used for county purposes only, the gasoline alleged to have been sold to the county, and that the county has not paid said plaintiff for the gasoline so purchased and used by the county, and the defendant county has made legal tender of the sum of $1161.72, which is in full payment of the price of the gasoline so purchased and used, less the alleged gasoline State of Georgia tax of $829.80. The only question involved in this case is as to whether, under the above-stated agreed state of facts, the defendant county is liable for the tax as above set forth. It is further agreed that Polk County, Georgia, is a political subdivision of the State of Georgia and is not a dealer in or distributor of gasoline."

After argument of counsel and consideration of the above statement of facts, the judge entered a final judgment, the material parts of which are as follows: "It is hereby ordered, considered, and adjudged by the court that the plaintiff, Guy Sloan, do have and recover of the defendant, Polk County, Georgia, the sum of $1161.72, that being the price of the gasoline involved, not including the tax claimed by the State of Georgia, the court holding and decreeing that under the law and facts the defendant, Polk County, is not legally chargeable with the amount of said tax, and is not subject to the payment of said tax. Judgment is rendered against said defendant for $28.60 costs of court." The exception here is to that judgment.

The gasoline tax in question in the present case was levied under the provisions of the Code, § 92-1403, which provides in part as follows: "An excise tax is hereby imposed on all distributors of motor fuel and/or kerosene: (A) Upon the sale or use of motor

fuel by them within this State, at the rate of six cents per gallon. . . (C) Any person who shall receive motor fuel and/or kerosene, in such form and under such circumstances as shall preclude the collection of the tax provided for in this chapter from the distributor, and shall thereafter sell, use or consume, or dispose of in any manner and/or under such circumstances as shall render such disposition subject to said taxes, shall be considered as a distributor for purposes of taxation, and shall make the same reports, pay the same taxes, and be subject to all other provisions of this Chapter relating to distributors of such fuels. This provision shall include the receipt of motor fuel and/or kerosene previously exported in any quantity by any means whatsoever from this State and subsequently brought back into Georgia for sale, use, or consumption." In 1943 an amendment to the above section to be known as subsection (C-1) was passed which provides in part as follows: "Section 92-1403 (C-1). Every distributor of motor fuels defined in this Act shall add the amount of the taxes levied and assessed by this chapter to the price of such motor fuels, it being the purpose and intent of this provision that the tax levied under the provisions of this chapter is in fact a levy on the consumer, and the levy on the distributors as specified in said chapter is merely as agent of the State for collection of said tax. This provision shall in no way affect the method of collection of said taxes as specified in this chapter. The distributor may state the amount of the taxes separately from the price of such motor fuels on all price display signs, sales or delivery slips, bill and statements, which advertise or indicate the price of such motor fuel products." (Ga. L. 1943, p. 339.) The effect of this amendment was to levy the tax directly against the consumer instead of against the distributor as provided for in the original act.

That the legislature has the power to levy a tax against a county within this State is well established. "The legislature of this State, if it see fit, can tax public property, and impose an occupational tax upon the counties of this State." *Wright* v. *Fulton County,* 169 *Ga.* 354 (4-*b*) (150 S. E. 262). The defendant in error contends that, even if the legislature has the power to impose a tax upon the counties of this State, in the present case the statute levying the tax did not expressly include counties and other political subdivisions of the State and therefore they are not included

within the provisions of the act. "The general rule is that public property of the State and its political subdivisions is not subject to taxation under general constitutional and statutory provision prescribing that all property is taxable. Public property is always presumed to be exempt from the operation of general tax laws, because it is reasonable to suppose that it was not within the intent of the legislature to make public property subject to them." *Wright* v. *Fulton County,* supra. It was held in the case of *Dispensary Commissioners* v. *Thornton,* 106 *Ga.* 106, 108 (31 S. E. 733) : "It is true the tax in question is not one upon public property, but upon a business or occupation; but the same principle will apply where such business is being conducted by the government or its subordinate branches, and where the payment of the tax must necessarily come out of the public funds." In the present case, the excise tax of six cents a gallon was levied by the act of 1937 (Ga. L. 1937, pp. 167, 174), as amended in 1943 (Ga. L. 1943, p. 339), and under the act of 1937 the tax was levied against distributors, who were defined as meaning and including "any person (including the State of Georgia and any political subdivision thereof, but not including the United States of America or any of its agencies except to the extent now or hereafter permitted by the constitution or laws thereof)," who did certain prescribed acts whereby such person became liable for the payment of the tax. Under this act it was clearly the intention of the legislature that counties within this State should be taxed in the same manner as any other person who came within the provisions of the act. In the amendment of 1943 (Ga. L. 1943, p. 339), it was stated as the purpose and intention of the amendment, that the tax levied under the provisions of the statute was in fact a levy on the consumer, and the levy on the distributor as specified in the statute was merely as agent of the State for the collection of the tax. The amendment provided that it should in no way affect the method of collecting the tax as specified in the statute. The amendment did not attempt to change the statute in any way except to provide that the tax was in fact a levy against the consumer, and the amendment did not purport to exempt any person from paying the tax who was not exempted under the act of 1937. Under the act of 1937, although the tax was levied against the distributor, the distributor, in selling the gasoline or other motor fuel within the

State to any person, including counties, added the amount of the excise tax to the sales price of the gasoline, and such tax was in effect paid by the consumer through the distributor against whom it was levied. In the amendment of 1943 it was provided by the caption of the act that the "Motor Fuel Tax Law" was to be amended "so as to provide that the levy of motor-fuel tax under said act be considered in fact a levy on the consumers of motor fuels," and this is the clear intention and purpose of the amendment, which provides that the levy on the distributors is merely as agent for the State for the collection of the tax.

Since under the motor fuel act of 1937 the county in effect paid the State gasoline tax on motor fuel purchased, in that the amount of such tax was included in the sale price of gasoline sold by the distributors against whom the tax was levied, and since under the amendment of 1943, the distributor is directed to add the amount of the taxes to the price of motor fuel sold by him, and the levy on such distributor is as agent for the State to collect the tax, we think that the motor-fuel act as amended requires the distributor, in selling gasoline to one of the counties of this State, to add to the price of the gasoline the amount of taxes levied and assessed by the act, and to continue to collect such taxes in the same manner as was required of him before the act of 1943. Under this construction of the motor-fuel act as amended, the court erred in holding that the defendant was not subject to payment of the tax, and under the agreed statement of facts and the law applicable thereto, erred in not rendering judgment in favor of the plaintiff against the defendant for the sales price of the gasoline together with the amount of the State gasoline tax, which tax the plaintiff was charged with the duty of collecting as agent for the State.

*Judgment reversed. Felton and Parker, JJ., concur.*