## 34399. CITY OF MARIETTA HOSPITAL AUTHORITY v. REDWINE.

DECIDED FEBRUARY 14, 1953.

*Eugene Cook, Attorney-General, George E. Sims Jr., Assistant Attorney-General, Broadus Zellars,* contra.

FELTON, J. The hospital authority contends that it is exempt from taxation imposed by the Sales and Use Tax Act by virtue

of the following provision of the act: "The terms 'retail sale' and 'sale at retail' shall also not include the following: . . (d) Sales which a State would be without power to tax under the limitations of the Constitution of the State or the United States, together with sales to the State of Georgia, any county or municipality of said State." Ga. L. 1951, sec. 3 (c) 2 (d), pp. 365, 366 (Code, Ann. Supp., § 92-3403a C (2) (d)). It is contended that the hospital authority is a political subdivision or instrumentality of the City of Marietta, and therefore comes within the meaning of "municipality" in the above-quoted subsection of the act. The City of Marietta Hospital Authority was created under the provisions of Ga. L. 1941, p. 241, and amendments thereto. Code (Ann. Supp.), § 99-1501 et seq. We do not deem it necessary to, and do not decide whether the hospital authority is a political subdivision or an instrumentality of the City of Marietta; but, assuming for the sake of argument that it is a political subdivision, such is defined as a person covered by the act in sec. 3 (a) of the act: " 'Person' includes . . or other group or combination acting as a unit, body politic or political subdivision, whether public or private." Code (Ann. Supp.), § 92-3403aA. The General Assembly can tax political subdivisions of the counties and municipalities of the State. *Wright* v. *Fulton County,* 169 *Ga.* 354 (4b) (150 S. E. 262); *Sloan* v. *Polk County,* 70 *Ga. App.* 707 (29 S. E. 2d, 284). It was the intent of the General Assembly for hospital authorities not to be exempt from taxation under the Sales and Use Tax Act. Section 3 (c) 2 (d) of House Bill 2 as originally passed by the House was the same as it appears in the act as enacted into law. Journals of the House, Reg. Sess., 1951-1952, pp. 290, 291-308. The Senate Finance Committee reported House Bill 2 out to the floor of the Senate with the recommendation that the bill "Do Pass, as amended," and offered amendments to the bill, among which was the following: "Amend Section 3 subsection 2 (d) by striking same in its entirety and inserting the following in lieu thereof; Sales to the State of Georgia and any county or municipality of said State where such sales are made direct to and for the exclusive use of such State, County or Municipality, together with sales to hospital authority where the entire cost is from direct taxation, and sales to

the United States, but sales to corporations created by or under the laws of the United States shall not be deemed sales to the United States." Journals of the Senate, Reg. Sess. 1951-1952, pp. 351, 368, 369. The House disagreed to and rejected such amendment. Journals of the House, Reg. Sess. 1951-1952, p. 704. The Senate appointed a Committee on Conference, which made the following report and recommendation to the Senate: "1. That the House recede from its position and accept the Senate amendment to said bill." Journals of the Senate, Reg. Sess. 1951-1952, p. 568. The Senate Conference Committee made the following report to the Senate: "1. The Senate recedes from its position as to the amendment to section 3, subsection 2 (d), and agrees to substitute for said section the following to wit: 'Sales to the State of Georgia, any county, municipality, or political subdivision of said State where such sales are made directly to and for the exclusive use of such State, county or municipality together with sales to charitable hospitals, municipal or county hospital authority which do not make any charge or collect any fee for services and are supported entirely by public revenue, donations or endowments.'" Journals of the Senate, Reg. Sess. 1951-1952, p. 751. The Senate finally receded from its position on all amendments disagreed to by the House. Journals of the Senate; Reg. Sess. 1951-1952, p. 758.

The House twice rejected Senate amendments which would haxe exempted hospital authorities operated by revenue solely derived from taxation, or by revenue from taxation and from donations and endowments from taxation under the act; and we think that the above recitals from the journals of the Senate and House clearly show that the General Assembly intended to exempt from the sales and use tax, under sec. 3 (c) 2 (d) of the act, only sales made directly to the State, counties and municipalities, and not sales to hospital authorities regardless of the source of their revenue, whether such authorities are political subdivisions or instrumentalities of the counties and municipalities under Ga. Laws 1941, p. 241 and amendments thereto (Code, Ann. Supp., § 99-1501 et seq.), or not.

The court did not err in overruling the motion for a new trial.
*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*