## 38868. OXFORD, Commissioner v. HOUSING AUTHORITY OF THE CITY OF BARNESVILLE.

FRANKUM, Judge. 1. The Housing Authority of the City of Barnesville, Ga., a public housing authority created under

the provisions of *Code Ann. Ch.* 99-11 (Ga. L. 1937, pp. 210-230), brought a suit for refund of sales and use taxes paid by it. The Housing Authority contends that it is not subject to the sales and use tax act by reason of an exemption embodied in *Code Ann.* § 92-3403a C (2) (d). We are of the opinion that this contention has been ruled' upon adversely to the defendant in error in *City of Marietta Hospital Authority v. Redwine*, 87 Ga. App. 629 (74 SE2d 670). See also *City of McCaysville v. Tri-State &c. Coop.*, 211 Ga. 5 (83 SE2d 598). Recently, this court, in *Carroll City-County Hosp. Auth. v. Oxford*, 104 Ga. App. 213 (121 SE2d 387), has specifically refused to overrule the decision in *City of Marietta Hosp. Auth. v. Redwine*, 87 Ga. App. 629, supra. In determining whether the Housing Authority is subject to the sales and use tax act, we find no essential difference between a housing authority and a hospital authority. The legislative intent, as discussed by Judge Felton in *City of Marietta Hosp. Auth. v. Redwine*, 87 Ga. App. 629, supra, shows the legislature did not intend to give an exemption from the payment of sales and use taxes to any body politic other than those specifically described in *Code Ann.* § 92-3403a C (2) (d). The Housing Authority also contends that public instrumentalities enjoy a "common-law exemption" from taxation in absence of express legislative authority. *Dispensary Commissioners v. Thornton*, 106 Ga. 106 (31 SE 733); *Penick v. Foster*, 129 Ga. 217 (58 SE 773, 12 LRA (NS) 1159, 12 AC 346); *Newton v. City of Atlanta*, 189 Ga. 441 (6 SE2d 61). The facts in the instant case do not place the Housing Authority within this principle of law. Although the court, in the case of *City of Marietta Hosp. Auth. v. Redwine*, 87 Ga. App. 629, supra, did not pass upon this contention, we feel that implicit in its decision is the view that the legislature intended to include an authority, such as here, within its definition of "persons" subject to the act. *Code Ann.* § 92-3403a A. Accordingly, this contention is without merit.

2. *Code Ann.* § 99-1132 (Ga. L. 1937, pp. 210, 230), in part, provides: "The property of an authority is declared to be public property used for essential public and governmental purposes and not for purposes of private or corporate benefit and income, and such property and an authority shall be exempt from all taxes and special assessments of the city,

the county, the State or any political subdivision thereof." This Code section is clear and unambiguous in that an authority is not subject to taxation. As stated in *Carroll v. Ragsdale*, 192 Ga. 118 (15 SE2d 210): "Seeking secret legislative meanings at variance with the language used is a perilous undertaking which is quite as apt to lead to an amendment of the law by judicial construction as it is to arrive at the actual thought in the legislative mind." The rule is concisely stated in *Neal v. Moultrie*, 12 Ga. 104, 110: ". . . [I]f the legislature does plainly and distinctly declare its intention, the act is not open to construction; it needs, and can receive none. It stands self-interpreted, and courts have nothing to do but enforce it." See also *Aldridge v. Federal Land Bank of Columbia*, 203 Ga. 285 (46 SE2d 578).

The Commissioner contends that *Code Ann.* § 99-1132 applies only to the property of the authority; however, the language of the statute does not support this contention. The statute not only provides that "such property . . . shall be exempt from all taxes", but goes further to provide "such property *and an authority* shall be exempt from *all* taxes. . ." (Emphasis ours.) Whatever may have been the purpose of the enactment, the legislature has inscribed its intention in the unambiguous words of the statute. If the words of the statute do not describe the legislature's true intent, it has the power to change the law. We do not. See *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616, 620 (112 SE2d 601).

"The Georgia Sales and Use Tax is noted for the fact that it is all-inclusive, covering everything from the cradle to the grave. Exemptions are the rare exception." *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616, 621, supra. See also *Code* § 92-202 (Ga. L. 1919, p. 82). This comprehensiveness extends to persons who are made taxpayers by the act as well as to those who are defined as "persons" under the act (*Code Ann.* § 92-3403a A), which, we have determined, includes the Housing Authority in the instant case. We cannot say that the legislature, in 1937 when it enacted *Code Ann.* § 99-1132 (Ga. L. 1937, pp. 210, 230), intended to exempt the Housing Authority from the provisions of the Sales and use Tax Act, which was not enacted until 1951. Under the ruling of *Thompson v. A. C. L. R. Co.*, 200 Ga. 856 (38 SE2d 774), we find it necessary to hold that the sales and use tax provisions

apply to the Housing Authority for the reason that the sales and use tax law was enacted subsequently to the exemption statute (*Code Ann.* § 99-1132), and that the sales and use tax law is an all inclusive act which includes the Housing Authority as a taxpayer, since no provision appears in the sales and use tax act which excludes the Housing Authority.

Counsel for the Housing Authority contend that Ga. Laws 1959, pp. 141-142, is, in effect, a re-enactment of the housing authority law, including *Code Ann.* § 99-1132, and by such "updating" would show a legislative intent to allow an exemption from the sales and use tax law to the Housing Authority. We do not agree. A perusal of Ga. Laws 1959, pp. 141-142, shows the purpose of the act to ratify all "contracts, agreements, obligations and undertakings of the housing authorities." In other words, the statute is to ratify and place a stamp of approval upon the past acts of the various housing authorities. This statute does not have the effect of "updating" the housing authority laws. Accordingly, the trial court erred in overruling the general demurrer.

Under the provisions of Ga. Laws 1961, p. 140 et seq., the instant case was passed upon by all members of the court.

*Judgment reversed. All the Judges concur.*

DECIDED OCTOBER 27, 1961—REHEARING DENIED NOVEMBER 17, 1961.

*Eugene Cook, Attorney-General, Ben F. Johnson, W. Douglas Kerr, Deputy Assistant Attorneys-General,* for plaintiff in error.

*Kennedy, Kennedy & Seay, Harvey J. Kennedy, Jr., Spalding, Sibley, Troutman, Meadow & Smith, Harry C. Howard,* contra.