SOUTHWEST CATHOLIC CREDIT UN-ION, organized and existing under the laws of the State of Colorado, Plaintiff-Appellee,

v.

Alan N. CHARNES, Executive Director, Department of Revenue, State of Colorado, and the State of Colorado, Defendants-Appellants.

No. 82CA0315.

Colorado Court of Appeals, Div. 1.

Nov. 26, 1982.

Rehearing Denied Jan. 13, 1983.

Certiorari Denied June 27, 1983.

Cogswell & Wehrle, William E. Brayshaw, Bruce A. Smith, Denver, for plaintiff-appellee.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Roger M. Morris, Asst. Atty. Gen., Denver, for defendants-appellants.

KELLY, Judge.

Alan N. Charnes, Executive Director of the Colorado Department of Revenue, appeals from a summary judgment entered in favor of Southwest Catholic Credit Union. The sole issue raised on appeal is whether the district court erred in holding that § 11–30–123, C.R.S.1973, exempts credit unions from paying sales taxes. Based on stipulated facts, the district court held that the specific credit union exemption contained within § 11–30–123, C.R.S.1973, supplanted the later enacted more general exemptive provisions embodied in the Emergency Retail Sales Act of 1935, § 39–26–101, et seq., C.R.S.1973 (1982 Repl.Vol. 16B). We reverse.

Southwest Catholic Credit Union paid the State of Colorado sales taxes in connection with the purchase of tangible personal property at retail. A claim for refund was filed and denied by order of Charnes. Southwest sought review of the denial of the refund claim in the district court which ruled in favor of Southwest.

The two statutory sections we are required to construe are facially inconsistent.

Section 11–30–123, C.R.S.1973, provides: "A credit union shall be deemed an institution for savings and, together with all accumulations therein, *shall not be subject to taxation except as to real estate owned.*" (emphasis added)

Section 39–26–104, C.R.S.1973 (1982 Repl. Vol. 16B) provides:

"There is levied and there shall be collected and paid a tax ... [o]n the purchase price paid or charged upon *all* sales and purchases of tangible personal property at retail ...." (emphasis added)

The Sales Tax Act lists numerous exemptions but none is provided to state chartered credit unions. Section 39–26–114, C.R.S. 1973 (1982 Repl.Vol. 16B).

Charnes takes the position that the later enacted sales tax statute takes precedence over the earlier credit union statute. However, the district court, applying rules of statutory construction, concluded that the specific credit union statute prevailed over the general provisions of the Sales Tax Act. This is a correct application unless the seemingly conflicting provisions may be

construed to give effect to both. Section 2–4–205, C.R.S.1973.

We conclude the two statutes may be reconciled by employing the rationale of *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 225 (1972).

Considering rules of statutory construction, the court in *Security Life* held that an unambiguous tax exemption for insurance companies did not create any exemption from the later enacted Sales Tax Act. The court construed the evinced legislative intent to be that the insurance exemption did not encompass a sales tax.

The court in *Security Life* reasoned that although the General Assembly presumably was aware of the insurance exemption, it imposed sales taxes on *all* retail purchases. Therefore, if insurance companies were intended to be exempt, the Sales Tax Act would contain a specific exemption applicable to them.

This view comports with the strong presumption that taxation is the rule and exemption the rare exception. *Security Life & Accident Co. v. Heckers, supra.* *See also* *Weed v. Pueblo,* 197 Colo. 52, 591 P.2d 80 (1979); *C.F. & I. Steel Corp. v. Charnes,* 637 P.2d 324 (Colo.1981). And, other states have reached this conclusion under similar statutes. *Central Credit Union v. Comptroller of Treasury,* 243 Md. 175, 220 A.2d 568 (1966); *Celina Mutual Insurance Co. v. Bowers,* 5 Ohio St.2d 12, 213 N.E.2d 175 (1965); *Oxford v. Housing Authority,* 104 Ga.App. 797, 123 S.E.2d 175 (1961).

The judgment is reversed and the cause is remanded for entry of judgment in favor of Charnes.

COYTE and PIERCE, JJ., concur.