445 So.2d 1007 (1984)
Gary RUTLEDGE, et al., Appellants,
v.
Herbert W. CHANDLER, et al., Appellees.
No. 64460.
Supreme Court of Florida.
Order December 6, 1983.
Opinion February 16, 1984.
Rehearing Denied March 22, 1984.
Harold F.X. Purnell, General Counsel, Dept. of Business Regulation, Tallahassee, for appellants.
Thomas F. Woods of Woods & Carlson, Tallahassee, for appellees.
Mark Herron, Laurel D. Landry and Sandra M. Anderson, Tallahassee, for The Florida House of Representatives, Representative H. Lee Moffitt and Representative Barry Kutun, amicus curiae.
Arnold D. Levine and George H. Sheldon of Levine, Freedman, Hirsch & Levinson, Tampa, for The Florida Restaurant Ass'n, Inc., amicus curiae.
Wilbur E. Brewton of Taylor, Brion, Buker & Greene, Tallahassee, for The Wine Industry of Florida, Inc., amicus curiae.
PER CURIAM.
This appeal is before the Court pursuant to the certification of the District Court of Appeal, First District, that the amended order of the trial court declaring Section 17, Chapter 83-349, Laws of Florida, unconstitutional was of great public importance throughout the state and required immediate resolution by this Court.
We accepted jurisdiction, and after hearing oral argument, we hold that the statute is constitutional. The order of the trial court is reversed, and the permanent injunction against the appellants is hereby vacated effective immediately.
An opinion explaining our rationale will be filed at a later date.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents.
PER CURIAM.
This case is an appeal from a final order of a trial court, certified by the First District Court of Appeal as requiring immediate resolution by this Court. We have jurisdiction pursuant to article V, section 3(b)(5) of the Florida Constitution.
During its July 1983 special session, the legislature increased state alcoholic beverage taxes. Ch. 83-349, Laws of Fla. The higher tax rates took effect September 1, 1983, to be paid by Florida alcoholic beverage distributors on sale of such products to licensed Florida retailers. The tax rate was based on gallonage and type of beverage. *1008 Section 17 of chapter 83-349[1] levied a "floor tax" on Florida retailers, taxing all alcoholic beverages in retail inventory on the September 1 effective date to ensure that all alcoholic beverages sold by retailers after the effective date bore the same tax rate. The section 17 tax mirrored the rest of the chapter regarding tax rate, gallonage, and type of beverage and was designed to prevent avoidance of the tax by stockpiling before September 1, and also to prevent a potential windfall for any retailer who might sell pre-September inventory at post-September prices.
On August 12, 1983, the appellees filed a complaint in circuit court in Leon County, challenging the constitutionality of section 17 on the ground that the state was imposing an ad valorem tax in violation of article VII, section 1(a) of the Florida Constitution.[2] The circuit judge issued a temporary injunction enjoining the Division of Alcoholic Beverages and Tobacco (Division) from collecting the section 17 tax. The order also required liquor retailers to file the required inventory report but enjoined payment of the tax. The Division filed an interlocutory appeal in the First District Court of Appeal, effectively staying the circuit court order, but the circuit court vacated the stay on September 1.
The circuit court entered an amended final order and permanent injunction September 22 holding the section 17 tax to be an unconstitutional ad valorem tax. The appellants sought immediate supreme court review by certification because the Division was unable to deposit 13,700 checks, totalling $1.3 million, submitted by Florida retailers despite the injunctive relief, and because, should section 17 be found valid, the Division needed to act quickly to collect the tax from the approximately 350 Florida retailers who go out of business each month. After oral argument on December 6, 1983, the Court issued an order holding the statute constitutional, reversing the trial court order and vacating the permanent injunction immediately. Rutledge v. Chandler, 445 So.2d 1007 (Fla. 1983). We stated then that this opinion would follow.
This Court has delineated the difference between ad valorem and excise taxes in City of DeLand v. Florida Public Service Commission, 119 Fla. 804, 813, 161 So. 735, 738 (1935):
All taxes, other than polls, are either direct or indirect property taxes. A direct tax is one that is imposed directly upon property, according to its value. It is generally spoken of as a property tax or an ad valorem tax. An indirect tax is a tax upon some right or privilege, or corporate franchise, and is most often called an excise or occupational tax.
An excise and a property tax, when the two approach each other, ordinarily may be distinguished by the respective methods adopted for laying them and fixing their amounts. If a tax is imposed directly by the Legislature without assessment, and its sum is measured by the amount of business done, income previously received, or by the extent to which a taxable privilege may have been enjoyed or exercised by the taxpayer, irrespective of the nature or value of such taxpayer's assets or his investments in business, it is to be regarded as an excise tax. But if the tax is computed upon the valuation of the property, and assessed by assessors, either where it is situated or at the owner's domicile, although privileges *1009 may be included in the valuation, it is considered a property tax.
The legislature defines an ad valorem tax as "a tax based upon the assessed value of property." § 192.001(1), Fla. Stat. (1981).
Under City of DeLand and section 192.001(1), section 17's floor tax is not a property tax because it is not levied on value assessed by assessors. Section 17 also affirmatively satisfies the criteria for an excise tax. It is imposed directly by the legislature, without assessment, and is based on the exercise of a privilege: the possession of alcoholic beverage for retail sale. The exercise of this privilege is measured by the amount of alcoholic beverages in inventory on September 1, 1983. In the past, this Court has found a tax on a privilege, measured by inventory, to be an excise tax. Smith v. City of Miami, 160 Fla. 306, 34 So.2d 544 (1948) (tax on tobacco, measured by quantity handled, is an excise tax); Jerome H. Sheip Co. v. Amos, 100 Fla. 863, 130 So. 699 (1930) (tax on privilege to store gasoline, measured by amount stored, is an excise tax).
While the specific issue now before us may be a case of first impression in Florida, courts in other jurisdictions have found floor taxes legally indistinguishable from the one at issue here to be an excise tax. See, e.g., Herman v. Mayor of Baltimore, 189 Md. 191, 55 A.2d 491 (1947) (taxing scheme functionally identical to instant situation held not to be ad valorem tax on retailers); Barnes v. Stout, 65 S.D. 592, 276 N.W. 920 (1937) (tax law requiring that all liquor held for ultimate sale to consumers on a certain date bear an extra stamp reflecting increased excise tax held to be an excise tax).
The United States Supreme Court examined the nature of an excise tax in Patton v. Brady, 184 U.S. 608, 22 S.Ct. 493, 46 L.Ed. 713 (1902). In that case, Congress had increased the tobacco tax from six to twelve cents per pound and provided for a floor tax of six cents on inventory already bearing the original six cent tax. The court found excise taxes were indirect taxes on consumers "imposed in different forms at some time intermediate the beginning of manufacture or production and the act of consumption." 184 U.S. at 617, 22 S.Ct. at 496. The Patton Court held the floor tax in that case was an excise tax.
An excise tax on a consumer item is thus an indirect tax levied somewhere in the chain of manufacture and distribution. In the case before us, the legislature acted to raise this indirect tax on consumers. In implementing the tax increase, the legislature provided for the future imposition of the tax in sections 12 to 16 of chapter 83-349, through the existing method of taxing alcoholic beverages at the time they are sold by a distributor to a retailer. Recognizing that some of the beverages intended to bear the added tax would have already passed the distributor-retailer taxation nexus, the legislature provided in section 17 for the taxation of such alcoholic beverages not yet in the hands of consumers. The legislature merely imposed an excise tax on all alcoholic beverages "intermediate the beginning of manufacture or production and the act of consumption" and reached two different points in that intermediate chain of distribution to ensure that all alcoholic beverage sales to consumers on and after September 1, 1983, bore the increased indirect tax on consumers.
Chandler urges that because inventory is subject to ad valorem taxation pursuant to section 192.001 of the Florida Statutes, any tax on inventory is an ad valorem tax. However, the tax at issue here is not on inventory, but on a privilege as measured by inventory. Retailers had been paying the older, lower excise tax indirectly in the price they paid to distributors, which reflected the tax the distributor had to pay the state upon sale to retailers. Retailers are already paying the increased tax indirectly in the price paid to distributors, and they will continue to do so. The section 17 tax merely reaches the alcoholic beverages which otherwise would have escaped the increased tax.
Appellees raise four other issues: 1. The act on its face imposes no penalties for failure to comply; 2. The tax is an unconstitutional *1010 ex post facto law; 3. The tax is an unconstitutional retroactive law; and 4. The act imposes an impermissibly excessive burden of double taxation. We find no merit to any of these issues.
For the reasons stated in this opinion, we found section 17 of chapter 83-349 of the Laws of Florida to be constitutional when we issued our December 6 order. Therefore, the trial court order was reversed and the permanent injunction vacated.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[1] 17. On the effective date of this section, before opening for business, each vendor in this state shall take an inventory of those alcoholic beverages in inventory upon which the increase in tax imposed by this act has not been paid and shall certify the amount of such inventory to the Division of Alcoholic Beverages and Tobacco on or before September 10, 1983, accompanied by a check or money order for the amount of increased tax. The provisions of chapters 563, 564, and 565, Florida Statutes, relating to penalties and interest for delinquent payment, shall apply to the additional tax levied by this section.
Ch. 83-349, § 17, Laws of Fla.
[2] tax shall be levied except in pursuance of law. No state ad valorem taxes shall be levied upon real estate or tangible personal property. All other forms of taxation shall be preempted to the state except as provided by general law." Art. VII, § 1(a), Fla. Const.