PER CURIAM.
Appellant, the Division of Alcoholic Beverages and Tobacco, appeals a final judgment which determined that vendors of wine were excluded from a floor tax imposed by chapter 83-349, § 17, Laws of Florida. We reverse.
Sections 12, 14, and 15 of chapter 83-349 raised the tax rate on various alcoholic beverages, such as beer, wine, and distilled spirits. The higher tax rates are paid by *1195 licensed Florida distributors of alcoholic beverages upon the sale of those products to licensed Florida retailers. The new tax rates took effect on September 1, 1983.
The portion of chapter 83-349 at issue in this lawsuit is section 17, which provides:
On the effective date of this section, before opening for business, each vendor in this state shall take an inventory of those alcoholic beverages in inventory upon which the increase in tax imposed by this act has not been paid and shall certify the amount of such inventory to the Division of Alcoholic Beverages and Tobacco on or before September 10, 1983, accompanied by a check or money order for the amount of increased tax. The provisions of chapters 563, 564 and 565, Florida Statutes, relating to penalties and interest for delinquent payment, shall apply to the additional tax levied by this section.
The appellees contend that section 17 of chapter 83-349 does not apply to vendors of wine. Their argument is that the “increase in tax” referred to in section 17 as it applies to wine was an increase in a tax imposed only on manufacturers and distributors, not vendors of wine. They argue that section 14 of chapter 83-349 increased the tax rate already imposed by section 564.06, Florida Statutes (1981), which statute did not impose a tax on vendors of wine. Since there never was an excise tax on the privilege of possessing wine for retail sale, the argument is that section 14 of chapter 83-349 did not raise any tax rate applicable to vendors of wine and section 17 of chapter 83-349 did not apply to vendors of wine because wine in their possession was not an alcoholic beverage to which the increase in tax imposed by section 17 applied.
We disagree with appellees’ well made argument. Section 17 of chapter 83-349 clearly provides for a separate and distinct floor tax on all alcoholic beverages which were subject to an increase in tax rate by other sections of chapter 83-349, i.e., beer and malt beverages, distilled spirits, and wine. Alcoholic beverages in the inventories of vendors on the effective date of the tax rate increase imposed by sections 12, 14, and 15 of chapter 83-349 would, except for the provisions of section 17, not have been subject to the rate increase because the tax is normally paid by distributors. See sections 563.05, 564.06 and 565.12, Florida Statutes (1981). The legislature, therefore, enacted section 17 of chapter 83-349 to tax the alcoholic beverages not yet sold to consumers on which the increased tax otherwise would hot have been payable.
In discussing chapter 83-349, the Florida Supreme Court in Rutledge v. Chandler, 445 So.2d 1007, 1009 (Fla.1984), stated:
Section 17 of chapter 83-349 levied a “floor tax” on Florida retailers, taxing all alcoholic beverages in retail inventory on the September 1 effective date to ensure that all alcoholic beverages sold by retailers after the effective date bore the same tax rate. The section 17 tax mirrored the rest of the chapter regarding tax rate, gallonage, and type of beverage and was designed to prevent avoidance of the tax by stockpiling before September 1, and also to prevent a potential windfall for any retailer who might sell pre-September inventory at post-September prices.
The supreme court in Rutledge was concerned with whether the section 17 tax was an excise tax or ad valorem tax. The supreme court was not presented with the issue now before this court of whether the section 17 tax applied to wine. However, the court’s language is helpful in explaining the intent of the section 17 tax, as when the court says that the “section 17 tax merely reaches the alcoholic beverages which otherwise would have escaped the increased tax.” Id. at 1009.
The legislature did not show any intention in chapter 83-349 to exempt vendors of wine from the section 17 tax. To the contrary, every indication is that the legislature intended to include wine in the section 17 floor tax. The fact that, as appellees argue, vendors of wine are otherwise not required by statute to pay an *1196 excise tax on their products to the state (although they presumably pay the tax indirectly as part of the price they pay to distributors for the wine) is not relevant to the issue of whether vendors of wine are subject to the tax imposed by section 17 of chapter 83-349. We find that vendors of wine are subject to that tax.
We find no merit in appellant’s remaining arguments.
Reversed and remanded for proceedings consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.