## WHITE *v.* DONALDSON *el al.*

No. 7410. APRIL 18, 1930.

*Houston White* and *Hooper Alexander,* for plaintiff.
*Branch & Howard, Bond Almand,* and *S. J. Smith Jr.,* for defendants.

HINES, J. Houston White filed with the ordinary of Fulton

County a petition in which he alleged that Mrs. B. Donaldson was a person of unsound mind, that she had property and was incapable of managing her estate, that a guardian should be appointed for her person and property, and that three named persons were her three nearest adult relatives. He prayed that notice of the application be given to said persons, "and that a commission issue to investigate the same according to law." These relatives of Mrs. Donaldson were given notice of this application, two of them acknowledging service thereof, and the other being duly served with a copy thereof. The ordinary passed an order that the "usual commission issue, directed according to law." Thereupon that officer issued a commission to two named physicians and James Moore, as acting solicitor-general, requiring them to have Mrs. Donaldson personally brought before them, to examine her by inspection, hear and examine witnesses on oath, if necessary, as to her condition, and to make return of such examination and inquiry to the ordinary, specifying in their return under which class they found Mrs. Donaldson to come. The commission made their return finding that Mrs. Donaldson was a person of unsound mind and incapable of managing her estate, and that a guardian should be appointed for her person and property. Thereupon the ordinary passed an order adjudging Mrs. Donaldson to be a person of unsound mind, and appointing Lucyle McGinnis as guardian of her person and property, and directed that letters issue to her upon her giving bond and security in the sum of $67,000, and upon her taking the oath required by law. Mrs. Ruby Williamson, a niece of Mrs. Donaldson, as next friend, and as an objector in the proceedings before the commissioners, and being dissatisfied therewith, duly entered an appeal to a jury in the superior court of said county. The case came on for trial in the latter court; and after hearing evidence from the applicant, which consumed practically two days, Mrs. Williamson moved to dismiss the case, upon the grounds that the act of August 20, 1918 (Acts 1918, p. 162), under which the application was brought, is unconstitutional and void, in that (1) it violates article 3, section 7, paragraph 8, of the constitution of this State, which declares that "No law or ordinance shall be passed which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof," in that there is nothing in the title of said act that refers to the appointment

of guardians for persons liable to have guardians appointed to manage their estate; (2) that said act violates article 3, section 7, paragraph 17, of the constitution of this State, which provides that "No law or section of the Code shall be amended or repealed by mere reference to its title, or to the number of the section of the Code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made; and (3) that said act violates article 1, section 1, paragraph 3, of the constitution of this State, which declares that "No person shall be deprived of life, liberty, or property, except by due process of law."

The trial judge sustained the first ground of said motion and dismissed the case. In his order of dismissal he directed that a copy thereof be transmitted to the court of ordinary of said county, with direction that all proceedings in the court of ordinary relating to the appointment of a guardian for Mrs. Donaldson be vacated and set aside, and that the appointed guardian be discharged. To this judgment the applicant excepted on the grounds (1) that said act is not unconstitutional, and that the case should not have been dismissed for this reason; (2) that even if said act is unconstitutional, its unconstitutionality affected only so much of the proceedings as related to the "constitution of the jury and fact-finding body; and even if the jury was irregular because the act under which they proceeded was unconstitutional, the defendant in error is estopped to take advantage of its irregularity, or has waived the defect because of the failure of the defendant in error to raise any objection until the plaintiff in error had closed his case before the jury in the superior court;" and (3) to so much of said judgment as undertakes to give directions to the court of ordinary applicant excepts upon the grounds (a) that the judge of the superior court had no authority or jurisdiction to give directions to the court of ordinary, his functions having terminated when he dismissed the case; and (b) that, if it were otherwise, said order to set aside all the proceedings was error for the reason that if the law under which the commission was appointed was unconstitutional, its unconstitutionality affected only so much of the proceedings as related to the "constitution of the jury."

■ Does the act of August 20, 1918 (Acts 1918, p. 162), violate par. 8 of sec. 7 of art. 3 of the constitution of this State, which

declares that "No law or ordinance shall be passed which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof"? Civil Code (1910), § 6437. This act makes certain changes in the law embodied in section 3092 of the Civil Code of 1910. The principal change made by this act in the law embodied in said section of the Code consists in the substitution for a commission composed of jurors and a physician a commission composed of three reputable persons, two of whom shall be practical medical physicians in good standing, residents of the county, and the county attorney or solicitor of any city court located in such county; and if there is no attorney or solicitor of said city court, the solicitor-general, or some attorney of the county appointed by him. The title of said act is "An act to revise the laws of the State of Georgia with reference to commitments to the Georgia State Sanitarium, providing a method of transportation to the Sanitarium and for caring for and keeping patients while committed therein, setting forth the persons eligible to be committed to the State Sanitarium, and payment of reasonable sums for board and keep of inmates whose estates are sufficient to provide for them, and specifying certain classes of persons who shall be excluded therefrom, and for other purposes." This act declares that one of its main purposes is "to revise the laws of the State of Georgia with reference to commitments to the Georgia State Sanitarium." The scope of the title of this act is very broad. It embraces the revision of any and all laws of the State having reference to commitments to the State Sanitarium. Such revision can retain, reject, or modify any provisions of previous laws having reference to commitments to the State Sanitarium. Therefore if the body of this act revises any law or laws having reference to commitments to the State Sanitarium, it comes within the scope of its title. This act revises the law as it stood in section 3092 of the Civil Code of 1910. If the law in that section has reference to commitments to the sanitarium, the revision thereof falls squarely within the caption of this act. Does that section refer to commitments to the State Sanitarium? It provides: "Upon the petition of any person, on oath, setting forth that another is liable to have a guardian appointed (or is subject to be committed to the Georgia State Sanitarium), the ordinary, upon proof that ten days notice of such application has been given to the

three nearest adult relatives of such person, or that there is no such relative within this State, shall issue a commission directed to any eighteen discreet and proper persons, one of whom shall be a physician, requiring any twelve of them, including the physician, to examine by inspection the person for whom guardianship (or commitment to the Sanitarium) is sought; provided, that in all lunacy cases the legal number of jurors shall be six, one of whom shall be a physician, unless twelve are demanded by the party being tried, or by some one of his relatives or friends; and to hear and examine witnesses on oath, if necessary, as to his condition and capacity to manage his estate, and to make return of such examination and inquiry to the said ordinary, specifying in such return under which such classes they find said person to come." Section 3093 of the Civil Code of 1910 provides that "Upon such return finding the person to be as alleged in the petition, or within either of said classes, the ordinary shall appoint a guardian for him or commit him to the Georgia State Sanitarium."

Clearly, then, the act under consideration revises a statute which has reference to the commitment of insane persons to the Georgia State Sanitarium. The manner of the revision of the existing laws relative to commitments to the State Sanitarium is left entirely to the legislature. If the law revised had reference to the appointment of guardians for persons liable to have guardians appointed, or to be committed to the State Sanitarium, and the revising law embraces both of these features, it can not be held that the provision in the revising act for the appointment of guardians makes the act obnoxious to the above provision of the constitution. If in revising the old law the revising act embraces both features, both of which were embraced in the law revised, the retention of both features in the revising act does not make the body of the act contain or refer to matters not expressed in its title. So this act is not unconstitutional and void upon the ground that it violates this provision of the State constitution. This section does not require that the title should contain a synopsis of the law, but that the act should contain no matter variant from the title. *Marlin* v. *Broach,* 6 *Ga.* 21, 27 (50 Am. D. 306). The general object of the law is all that need be indicated by the title. *Howell* v. *State,* 71 *Ga.* 224 (51 Am. R. 259); *Fullington* v. *Williams,* 98 *Ga.* 807 (27 S. E. 183); *Welborne* v. *State,* 114 *Ga.* 793 (40 S. E. 857).

Minute details should be omitted. *Banks* v. *State,* 124 *Ga.* 15 (52 S. E. 74, 2 L. R. A. (N. S.) 1007). This section of the constitution has been given a very liberal construction. Titles to acts exceedingly brief and general have been held sufficient. *Brown* v. *State,* 73 *Ga.* 38; *Plumb* v. *Christie,* 103 *Ga.* 686 (30 S. E. 759, 42 L. R. A. 181). Provisions germane to the general subject-matter, embraced in the title of an act, and which are designed to carry into effect the purposes for which it is passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by use of the words, "and for other purposes." *Banks* v. *State,* supra; *Wright* v. *Fulton County,* 169 *Ga.* 354 (150 S. E. 262). An act "to approve, adopt, and make of force the Code of laws prepared under the direction and by authority of the General Assembly, to provide for the printing and publication of the same, and for making indices thereto, and for other purposes," was held by this court not to violate the provision of the constitution with which we are dealing. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (2, 4) (31 S. E. 531, 42 L. R. A. 518). In view of what is said above, the trial judge erred in holding that this act was unconstitutional and void for the reason that it violated the above provision of the constitution of this State.

■ No ruling was made by the trial judge on the other grounds of attack upon the constitutionality of this law; and for this reason the soundness of these attacks can not be passed upon by this court.

■ In view of the ruling set out in the first division of this opinion, the court erred in directing that a copy of his order dismissing the case be transmitted to the court of ordinary, with direction that all proceedings in that court relating to the appointment of the guardian for Mrs. Donaldson be vacated and set aside, and that the appointed guardian be discharged.

*Judgment reversed. All the Justices concur.*