38939. CARROLL CITY-COUNTY HOSPITAL
AUTHORITY v. OXFORD, Commissioner.

TOWNSEND, Presiding Judge. 1. This bill of exceptions assigns error on a judgment of the Superior Court of Carroll County overruling the appeal of the plaintiff in error from a notice of final assessment entered against it by the State Revenue Commissioner under the Georgia Retailers' and Consumers' Sales and Use Tax Act (Ga. L. 1951, p. 360; *Code Ann.* §§ 92-3401a et seq.). No return had been filed from such taxation under the provisions of *Code Ann.* § 92-3403a C (2) (d). It is conceded that the issue was decided adversely to the contentions of the plaintiff in error in *City of Marietta Hospital Authority v. Redwine,* 87 Ga. App. 629 (74 SE2d 670) and a request has been made to overrule that case. Since the court feels that that decision is sound, the request is denied.

2. *Code* § 40-205 provides: "The Governor may suspend collection of taxes, or any part thereof, due the State until the

meeting of the next General Assembly but no longer; nor shall he otherwise interfere with the collection thereof." It appears from the act of 1960 (Ga. L. 1960, p. 1066) that on April 20, 1959, Governor Vandiver passed an executive order under the authority of this Code section to the effect that the tax imposed on purchases and uses of tangible personal property by hospital organizations meeting stated requirements and which represents an effort on the part of the State, or any county or municipality, to perform a public hospitalization function be suspended to the extent that the hospital shall be credited with that portion of the sales and use tax paid during the fiscal year which contributions made from public funds by any municipality, county, the State, or any combination thereof bear to the total operating expenses and equipment purchases of such hospital during the same period; that this order was to be applied retroactively to April 1, 1951, and that all penalties and interest were to be written off. This action was ratified, approved and confirmed by the legislature by resolution approved March 17, 1960.

The original decision in the *Marietta Hospital Authority* case was based on a construction of legislative intent based in part upon discussions of the proposed Sales and Use Tax Act as shown by the Senate and House Journals, from which it became apparent that the legislature had considered the addition of an amendment to the bill which would expressly exempt hospitals from the taxes in question and had rejected the amendment. If any further proof of the correctness of the decision is needed, it is supplied by the act of 1960 ratifying the executive order which only exempted the hospital authorities from the tax to the extent that the otherwise taxable purchases were made with funds supplied by the State or a county or municipality thereof. Both the court interpretation of the original legislation and the executive action in regard thereto were thus expressly called to the attention of the legislature and that body, while ratifying the executive modification of the law insofar as it related to the period between 1951 and 1959, and while at the same session amending *Code Ann.* § 92-3404a C (2) (d) (Ga. L. 1960, pp. 153, 156) to exempt "sales to the United States of America, the State of Georgia, or any county or municipality of said State" again failed to include hospital authorities such as the plaintiff in error in the exempt status. The legislative

intént, gleaned from both the language of the original enactment and from the subsequent legislation is clear that hospital authorities have not been included in the class of instrumentalities exempted except to the extent that the executive order partially relieving them for the years stated therein was ratified by the resolution. The Revenue Commissioner is not seeking to assess any taxes so suspended by the Governor the action regarding which was ratified by the General Assembly.

*The judgment of the superior court overruling the appeal is affirmed. Frankum and Jordan, JJ., concur.*

DECIDED JULY 14, 1961—REHEARING DENIED JULY 26, 1961.

*Robert D. Tisinger,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Robert W. Goodman, Deputy Assistant Attorneys-General,* contra.