23164. UNDERCOFLER, State Revenue Commissioner v. HOSPITAL AUTHORITY OF FORSYTH COUNTY.

502

Argued October 11, 1965—Decided October 19, 1965—
Rehearing denied November 4, 1965.

*Arthur K. Bolton, Attorney General, Louis F. McDonald,
Assistant Attorney General, H. Perry Michael,* for plaintiff in
error.

*Jones, Bird & Howell, Trammell E. Vickery, F. M. Bird,*
contra.

Duckworth, Chief Justice. ■ It is provided in an amendment (Ga. L. 1960, p. 153) that the original Sales and Use Tax Act (Ga. L. 1951, p. 360) be amended to exempt "Sales to the United States of America, the State of Georgia, or any county or municipality of said State" from the tax therein provided for. In *City of Marietta v. Redwine,* 87 Ga. App. 629 (74 SE2d 670), it was held that the original Act applied to hospital

authorities. After the 1960 amendment (Ga. L. 1960, p. 153, supra) it was held in 1961 in *Carroll City-County Hospital Authority v. Oxford*, 104 Ga. App. 213 (121 SE2d 387), that, as amended in 1960, the Act still required hospital authorities to pay the taxes therein provided for. Thus in 1964 when the legislature enacted the Georgia Health Code (Ga. L. 1964, p. 499), the Court of Appeals had held in the two cases cited above that hospital authorities were not exempt from the sales and use tax. We think counsel for the defendant in error are correct in their reasoning that hospitals, whether owned directly by a county or city, or by an authority, are designed and intended to serve identical purposes of discharging the governmental obligation to provide for the health of the people. Therefore, no logical reason exists for exempting those owned directly by the government while subjecting those the authorities own to the sales and use tax. Neither is operated for financial profit. Manifestly, the legislature saw this injustice and sought in the 1964 Act to remedy it. It is there provided in section 88-1803 (*Code Ann.* § 88-1803, supra) that "hospital authorities shall be granted the same exemptions and exclusions from taxes as are now granted to cities and counties for the operation of facilities similar to facilities to be operated by hospital authorities as provided for under the provisions of this Title."

The Commissioner, as plaintiff in error, invokes the rule of strict construction of all tax exemptions, citing *Cherokee Brick &c. Co. v. Redwine*, 209 Ga. 691 (75 SE2d 550); *Fulton County Fed. &c. Assn. v. Simmons*, 210 Ga. 621 (82 SE2d 16); and *Oxford v. J. D. Jewell, Inc.*, 215 Ga. 616 (112 SE2d 601). The cited decisions uphold the rule invoked, but we believe the rule is inapplicable here because the exemption is unambiguous, and, being so, no construction is required as held in the following cases cited by counsel for the defendant in error. *Barnes v. Carter*, 120 Ga. 895 (48 SE 387); *Standard Oil Co. v. State Revenue Commission*, 179 Ga. 371 (176 SE 1); *Slaten v. Travelers Ins. Co.*, 197 Ga. 1 (28 SE2d 280); *Aldridge v. Federal Land Bank of Columbia*, 203 Ga. 285 (46 SE2d 578). We find no ambiguity in the words "the same exemptions and exclusions

from taxes as are now granted to cities and counties" as contained in the 1964 Act. Nor do counsel for the plaintiff in error contend that these exemption words are ambiguous but that the remainder of the sentence, to wit: "for the operation of facilities similar to facilities to be operated by hospital authorities as provided for under this Title," renders the entire exemption sentence ambiguous. We do not agree. The exemption is as plain as the English language can make it, which is: "the same exemptions and exclusions from taxes as are now granted cities and counties." We turn to the 1960 amendment of the Sales and Use Tax Act and find that cities and counties as well as the State and the United States are exempt from the taxes therein imposed. It is as plain as ABC—no tax on cities and counties by the tax law and none on hospital authorities by the 1964 Act. Doubtless this exemption was intended as a remedy for the evil of the law as construed by the Court of Appeals whereby this means of protecting the health of cities and counties was made to pay taxes while the identical services by cities and counties were exempt. This is the plain meaning of the law, and we accordingly rule that this hospital authority is exempt from paying any tax cities and counties are not required to pay under the Sales and Use Tax Act of 1951 as amended in 1960; and accordingly it is entitled to the refund here sought.

■ But the plaintiff in error made a constitutional attack upon the portion of section 88-1803 (*Code Ann.* § 88-1803, supra) providing for the tax exemption, alleging that it offended Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908; Const. of 1945) in that the exemption was not contained in the caption of the Act. We believe it not necessary to engage here in a discussion of the history and purpose of the constitutional clause invoked. It does not mean that the caption must be as detailed as the Act. *Wright v. Fulton County,* 169 Ga. 354 (150 SE 262); *Cady v. Jardine,* 185 Ga. 9 (193 SE 869). It is sufficient if the provision of the Act is germane to the subject thereof stated in the caption. *White v. Donaldson,* 170 Ga. 432 (153 SE 19); *Williamson v. Housing Authority of Augusta,* 186 Ga. 673 (199 SE 43); *Barber v. Housing Authority of the City of Rome,* 189 Ga. 155 (5 SE2d 425). Without here setting forth the caption of the present Act.

we note that it says in part that it is "an Act to comprehensively and exhaustively revise, supersede, consolidate, and codify the laws relating to public health." Such an enactment, though treating various subjects relating to public health, constitutes the one subject of revising and codifying all laws pertaining to public health and does not offend the Constitution. *Central of Ga. R. Co. v. State of Ga.*, 104 Ga. 831 (31 SE 531, 42 LRA 518). The tax exemption clause was a germane part of the hospital authority provisions of the Act which were expressly referred to in the caption. We hold therefore that the constitutional attack was without merit, and it was not error to overrule the same. For the foregoing reasons the court did not err in overruling the general demurrer as amended.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*