23483. McLENNAN v. UNDERCOFLER, State Revenue Commissioner, et al.

ARGUED MAY 11, 1966—DECIDED JUNE 23, 1966.

Alex McLennan, *pro se.*

*Arthur K. Bolton, Attorney General, William L. Harper, Assistant Attorney General, H. Perry Michael, Deputy Assistant Attorney General, Hansell, Post, Brandon & Dorsey, Hugh Dorsey, Allen Post, Troutman, Sams, Schroder & Lockerman, Milton A. Carlton, Jr., Allen E. Lockerman, Robert S. Sams, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harry S. Baxter, Thomas C. Shelton, King & Spalding, Pope B. McIntire, Dan M. Byrd, Jr., Bouhan, Lawrence, Williams & Levy, George W. Williams,* for appellees.

COOK, Justice. The premise on which the taxpayer bases his action for mandamus is the provision of the law requiring that all property be returned for taxation at its fair market value. *Code* §§ 92-5701, 92-5702. This is, undeniably, a statutory mandate. It is conceded by the State Revenue Commissioner that public utilities returning taxes to his office have not valued their properties at 100% of fair market value. It is also conclusively shown that the same class of property of most tax-

payers throughout the State who return their taxes to the county authorities is not valued at 100% of fair market value.

The State Revenue Commissioner has the duty of receiving returns for ad valorem taxes from public utilities (*Code Ch.* 92-59, as amended by Ga. L. 1937-38, Ex. Sess., pp. 77, 80; *Code Ann.* § 92-8405), and the duty of reviewing and correcting such returns (*Code Ch.* 92-60). For the year 1966 he has no authority to adjust or equalize the taxable values of the properties of taxpayers returning their properties for ad valorem taxes in the various counties of the State. Ga. L. 1966, Sec. 3, pp. 45, 47. Should he raise the valuations of the properties of the public utilities to 100% of their fair market value, he would have no authority to proportionally increase the valuations of the properties of other taxpayers in the State making their returns in the various counties, and rank discrimination against the public utilities would result from such assessments of their properties.

It is provided in the Constitution, Art. VII, Sec. II, Par. IV (*Code Ann.* § 2-5504) that: "The General Assembly may provide for a different method and time of returns, assessments, payment and collection of ad valorem taxes, of public utilities, but not at a greater basis of value or at a higher rate of taxation than other properties." The Constitution, Art. VII, Sec. I, Par. III (*Code Ann.* § 2-5403) provides: "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

In *Hutchins v. Howard*, 211 Ga. 830 (2) (89 SE2d 183), it was held: "The plaintiff's amended petition alleges that the assessment for 1955 taxes against his property, as well as that of other taxpayers similarly situated, is violative of the uniform-taxation clause of our Constitution and the equal-protection clauses of the State and Federal Constitutions. *Code* § 1-815; *Code Ann.* §§ 2-102, 2-5403. The law requires that all real and tangible personal property be assessed at its fair market value. *Code* §§ 92-5701, 92-5702. It establishes a scheme of administrative machinery to bring this about. § 92-6901 et seq. The record in the instant case shows that no property was so assessed. It also shows indisputably that it was not assessed uniformly.

And we might well say, as did the Supreme Court of the United States in Greene v. L. & I. R. Co., 244 U.S. 499, 501 (37 Sup. Ct. 673, 61 L.ed. 1280, Ann. Cas. 1917E, 88), that 'the duty to assess at full value is not supreme but yields to the duty to avoid discrimination.' For want of uniformity in taxable values, the assessments made against the property of the plaintiff; the intervenors, and other similarly situated taxpayers are null and void; they are clearly violative of the uniform-taxation clause of our Constitution and the equal-protection clauses of our present Constitution and the Federal Constitution." See also: *Brown v. Southern R. Co.*, 125 Ga. 772 (54 SE 729); *Montgomery v. Suttles,* 191 Ga. 781 (13 SE2d 781); *Suttles v. Montgomery,* 193 Ga. 128 (17 SE2d 734); *Lott Investment Corp. v. City of Waycross,* 218 Ga. 805 (129 SE2d 741); Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (43 SC 190, 67 LE 340); Hillsborough v. Cromwell, 326 U.S. 620 (66 SC 445, 90 LE 358).

Under the factual situation shown by the present record, the duty of the State Revenue Commissioner to assess the properties of public utilities at fair market value must yield to the higher duty imposed by the Constitution of this State and of the United States to assess property uniformly for taxation, and not to deny taxpayers equal protection of law. The trial judge did not err in denying the mandamus absolute.

*Judgment affirmed. All the Justices concur.*