24002. HAWES, Revenue Commissioner v. CORDELL FORD COMPANY, INC. et al.
24003. GARRARD, Tax Commissioner v. CORDELL FORD COMPANY, INC. et al.

ARGUED MARCH 14, 1967—DECIDED MARCH 24, 1967.

*Arthur K. Bolton, Attorney General, William L. Harper, Assistant Attorney General, Melvin Thompson, Jr., Deputy Assistant Attorney General,* for Hawes.

*H. Dale Thompson, Larry M. Broadfoot, Bouhan, Lawrence, Williams & Levy, George W. Williams, Kravitch & Hendrix, John W. Hendrix,* for Cordell Ford Co. et al.

*William Malcolm Towson,* for Garrard.

*Fisher & Phillips, John Bacheller, Jr., William W. Alexander, Jr.,* for party at interest not party to record.

NICHOLS, Justice. 1. The first complaint of the plaintiffs deals with the assessment of the motor vehicles in their stock as inventory at a different percentage of their value than the inventory of other merchants.

In 1964 Art. VII, Sec. I, Par. III of the Constitution of 1945 was amended by adding thereto the following language: "Notwithstanding anything to the contrary contained in this paragraph, the General Assembly shall be authorized to enact legislation treating any and all motor vehicles, including trailers, as a separate class from other classes of tangible property for ad

valorem property tax purposes, and to adopt different rates, methods or assessment dates for the taxation of such property, and to enact legislation consistent herewith to prevent any person, firm or corporation from escaping payment of their fair share of ad valorem taxes on said motor vehicles." *Code Ann.* § 2-5403. This language authorized the enactment of the Act of 1966, supra, wherein the General Assembly placed motor vehicles in a different category from other tangible property. Having once placed motor vehicles in a separate classification of tangible property, as permitted by such constitutional provision, all motor vehicles must be assessed uniformly. The allegations of the plaintiffs' petition which allege that the inventories of businesses not engaged in the sale of motor vehicles are valued upon a different basis does not show any violation of the Constitution. See as to the necessity of uniform valuations as between the same class of property, *Hutchins v. Howard,* 211 Ga. 830 (89 SE2d 183); *McLennan v. Undercofler,* 222 Ga. 302, 306 (149 SE2d 705). Conversely, if the Act, supra, or the Revenue Commissioner by regulation, should place a valuation based upon the identity of the owner or the purpose for which the motor vehicles are held, then a lack of uniformity in valuation would appear which would be clearly unconstitutional. Thus, the attack made on the Act in Paragraphs 17 and 19 of the petition that the plaintiffs were deprived of due process of law is without merit.

2. In Paragraph 18 of the plaintiffs' petition it is alleged that Section 4 of the Act of 1966, supra, is unconstitutional because it contains more than one subject matter and contains matter not expressed in the title in violation of Art. III, Sec. VII, Par. VIII of the Constitution (*Code Ann.* § 2-1908). This paragraph of the petition alleges in part: "At no place in the title to said Act does it provide for the withholding of the issuance of automobile license plates for failure to pay taxes and the licensing of automobiles and the taxing of same for ad valorem purposes are two separate and distinct subject matters."

The title of the Act provides in part: "To provide for the return of motor vehicles for ad valorem taxation and the pay-

ment of such taxes; to provide for the form of such returns; to provide for a penalty for the failure to make such returns or pay said taxes; to provide where such returns shall be made and the taxes paid; . . . to provide that the County Tax Collectors and Tax Commissioners shall be the agent of the State Revenue Commissioner for the purpose of accepting applications for the registration of all motor vehicles. . ."

As stated in *Undercofler v. Hospital Authority of Forsyth County*, 221 Ga. 501, 504 (145 SE2d 487), in referring to the constitutional provision prohibiting more than one subject matter or different subject matter than that expressed in the title, "We believe it not necessary to engage here in a discussion of the history and purpose of the constitutional clause invoked. It does not mean that the caption must be as detailed as the Act. *Wright v. Fulton County*, 169 Ga. 354 (150 SE 262); *Cady v. Jardine*, 185 Ga. 9 (193 SE 869). It is sufficient if the provision of the Act is germane to the subject thereof stated in the caption. *White v. Donaldson*, 170 Ga. 432 (153 SE 19); *Williamson v. Housing Authority of Augusta*, 186 Ga. 673 (199 SE 43); *Barber v. Housing Authority of the City of Rome*, 189 Ga. 155 (5 SE2d 425)."

In *Copeland v. Leathers*, 206 Ga. 280, 285 (56 SE2d 530), with reference to the same constitutional provision it was held: "The fact that no particular reference is made in the title to the penalty of injunction provided for in the body of the Act does not render this provision of the Act repugnant to the constitutional provision above referred to."

The fact that the caption or title to the Act under attack did not expressly provide that failure to pay ad valorem tax on a motor vehicle would result in the owners being unable to obtain a license plate for such vehicle as a penalty does not contravene the constitutional provision against more than one subject matter in an Act or different subject matter from that expressed in the caption where the caption clearly provides for a penalty.

3. The next question to be considered relates to the alleged enforcement of the Act. Paragraph 13 of the plaintiffs' petition alleged: "That the defendant Garrard has advised your petitioners that he is considering the *origin of title* as being the

date ownership is acquired regardless of where the property is located and regardless of whether or not the car has actually been manufactured. That this is an unfair and unwarranted interpretation of the law as title to the car does not pass to the dealer until it is delivered to him and accepted by him and then no real ownership of the property is had until purchased from the dealer at retail." Paragraph 14 of the petition alleged that the defendants have advised the plaintiffs that they will be responsible for the taxes due on motor vehicles traded in on other motor vehicles after January 1 of each year although Section 3 of the Act, supra, places the tax on the owner of such motor vehicles on January 1 if known and only on the specific property when the owner is not known.

Neither of these contentions raises a present justiciable controversy, as it is not alleged that the defendants are attempting to enforce the Act as there stated but it is alleged merely that they have been advised as to the method of enforcement contemplated, and a decision on such contentions would merely advise the plaintiffs of their rights should the defendants seek to so enforce the law in question. "The Declaratory Judgments Act makes no provision for a declaratory judgment which is merely advisory. *Liner v. City of Rossville,* 212 Ga. 664 (94 SE2d 862)." *State of Ga. v. Hospital Authority of Gilmer County,* 213 Ga. 894, 899 (102 SE2d 543); *Village of North Atlanta v. Cook,* 219 Ga. 316 (133 SE2d 585).

4. The sole remaining contention to be dealt with concerns the allegations of the petition that the valuations were made by the State Revenue Commissioner prior to January 1, 1967. While it is alleged that the valuations were placed prior to January 1, it is not shown that these valuations placed a greater tax burden on the plaintiffs than it did others who owned similar property (motor vehicles) on January 1. Thus, this contention of the plaintiffs fails to set forth a cause of action for a declaration that such Act is being unconstitutionally applied.

Inasmuch as the plaintiffs' petition fails to set forth a cause of action for a declaratory judgment the judgment of the trial court overruling the defendants' general demurrers must, be reversed.

*Judgment reversed. Duckworth, C. J., Almand, P. J., Mobley, Grice, Cook and Nichols, JJ., and Judge Luther Alverson concur. Undercofler, J., disqualified.*