## 46996. BLACKMON v. COBB COUNTY-MARIETTA WATER AUTHORITY.

ARGUED MARCH 7, 1972—DECIDED JUNE 14, 1972.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant.

*Henderson, Kaley & Thurmond, J. Douglas Henderson,* for appellee.

EBERHARDT, Presiding Judge. ■ The taxpayer did not, during the periods involved, enjoy an exemption from the payment of the sales and use taxes.[1]

Section 2 (a) of the Sales and Use Tax Act (*Code Ann.* § 92-3402a) imposes the tax upon "every purchaser of tangible personal property at retail" and when the tax has not been paid to the seller by the purchaser, the purchaser is liable for the payment of the tax as a use tax. Section 3(a) of the Act (*Code Ann.* § 92-3403a) defines a retail sale to be "A sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, or services taxable under this Chapter . . ." A person is defined by this section to include "any individual, firm, co-partnership, cooperative, nonprofit membership corporation, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate or other group or combination acting as a unit, *body politic or political subdivision, whether public or private, or quasi-public,* and the plural as well as the singular number." (Emphasis supplied.)

There is an exemption under *Code Ann.* § 92-3403a (C) (2) (d) of "sales to the Federal Government, the State of Georgia, or any county or municipality of said State."

Thus, unless an exemption can be found in some other provision of the tax Act or in the Act creating the Authority, sales to it are taxable, for it is neither a county nor a municipality.

There is ample authority that sales to an Authority are taxable. *City of Marietta Hospital Authority v. Redwine,* 87 Ga. App. 629 (74 SE2d 670); *Oxford v. Housing Authority of the City of Barnesville,* 104 Ga. App. 797 (123 SE2d 175); *Carroll City-County Hospital Authority v. Oxford,* 104 Ga.

---

[1]An amendment to the Act creating the Authority adopted by the General Assembly at the 1972 session, Act No. 1181 (H. B. No. 2002, Ga. L. 1972, p. 3208), by which it is granted an immunity from payment of sales and use taxes is not retroactive and cannot affect its liability for the periods here involved.

App. 213 (121 SE2d 387); *Undercofler v. Hospital Authority of Forsyth County,* 221 Ga. 501 (145 SE2d 487).

Nor is appellee exempt from the tax under the provisions of § 3 (C) (2) (t) of the Act (Ga. L. 1966, pp. 211, 212; *Code Ann.*§ 92-3403a (C) (2) (t), which exempts "Transactions wherein tangible personal property is *furnished by the Federal Government or by a county or municipality* of this State to any person, firm or corporation which contracts to perform services for any such governmental entity for the installation, repair or extension of any public water, gas or sewage system of such entity, notwithstanding the provisions of § 92-3448a or any other provisions of this Chapter . . ."

It does not appear that any of the personal property in the transaction on which the tax has been assessed was furnished by the Federal Government or by any county or municipality to contractors for use in installing, repairing or extending appellee's system.

It is well settled that an exemption or a claim of exemption must be construed strictly against the taxpayer and in favor of the taxing authority. *Oxford v. J. D. Jewell, Inc.,* 215 Ga. 616, 619 (112 SE2d 601).

No statute or provision of any statute has been directed to our attention under which we can find that appellee is entitled to the exemption claimed.

Appellee relies upon Section 8 of the Act creating the Cobb County-Marietta Water Authority (Ga. L. 1951, pp. 497, 504) as a basis for the claimed exemption. That section provides: "Such bonds [of the Authority] and the income thereof shall be exempt from all taxation within the State." That exemption obviously has reference to a tax on intangibles as to the bonds and income tax as to the interest thereon. It neither can nor does have reference to sales of tangible personal property to the Authority. A tax on sales is not a tax on property. *City of Atlanta v. Ga. Milk Producers Confederation,* 187 Ga. 117, 118 (200 SE 712).

We can find no other provision in the Act creating the Authority which purports to grant any tax exemption on any account or in any respect.

▪ Was the assessment such a disparate treatment of this Authority as to render it unconstitutional under the Fourteenth Amendment to the Constitution of the United States, or of Art. I, Sec. I, Par. II of the Constitution of Georgia (*Code Ann.* § 2-102, equal protection), or of Art. VII, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-5403, requiring uniformity of taxation against the same class of subjects)? We think not.

Appellee contends that since the Clayton County Water Authority and the Bibb County Water & Sewage Authority are not assessed sales taxes on their purchases of personal property, the assessment against it runs afoul of these constitutional provisions.

If there is a disparity, it results not from any action of the Revenue Commissioner in making this assessment, but in the provisions of the Acts creating the Clayton County and the Bibb County Authorities, in each of which the Authority is made a division or a part of the governmental arm of the county. Moreover, uniformity in taxation does not mean universality. *Nash v. Nat. Preferred Life Ins. Co.,* 222 Ga. 14, 19 (148 SE2d 402). And if the tax is applicable to all similar Authorities, it cannot be held to be an unconstitutional discrimination where the Commissioner has, because of a misconstruction of the law, failed to assess one other than the taxpayer presently involved. "A taxpayer cannot protect himself against a legal and proper demand for his own taxes, by alleging that another taxpayer has been assessed for taxation in a way to render his taxes less than they ought to be under a proper administration of the law." *Ga. Midland &c. R. Co. v. State,* 89 Ga. 597 (2) (15 SE 301). As the court pointed out in that case even if the allegations were shown to be true, "this would show nothing more than that the law has been misconstrued or misapplied as touching [the other taxpayer]." The same is true here. If the Commissioner has misconstrued or misapplied the Acts creating the Clayton County and the Bibb County Authorities, and on that basis has failed to assess taxes on their purchases of personal property, that is not a good de-

fense to an assessment of taxes which are legally owed by the Cobb County-Marietta Authority.

If the Cobb County-Marietta Water Authority can be said to be an arm of the county and city it is not in position to urge the denial of equal protection (*Ellington Co. v. City of Macon*, 177 Ga. 541 (1b) (170 SE 813)), since in that event it is a creature of the State which does not enjoy the privileges and immunities afforded to its citizens. Williams v. Baltimore, 289 U. S. 36 (53 SC 431, 77 LE 1015). It must look to the provisions of the Act creating it and to such general laws as may apply, for all of its rights, privileges and immunities.

We do not doubt that the General Assembly might, in its wisdom, have afforded an exemption that would apply to appellee if it had chosen to do so. See *Culbreath v. Southwest Ga. Regional Housing Authority*, 199 Ga. 183 (3) (33 SE2d 684). Indeed, it has been done as to hospital Authorities by Ga. L. 1964, pp. 499, 599 (*Code Ann.* § 88-1803) and it has been held that this does not violate the requirement of uniformity. *Undercofler v. Hospital Authority of Forsyth County*, 221 Ga. 501, supra. But for the periods here involved no exemption had been extended to appellee.

The trial court erred in sustaining appellee's motion for summary judgment and in denying that of appellant.

*Judgment reversed with direction that the appellant's motion for summary judgment be granted. Bell, C. J., Hall, P. J., Pannell, Deen, Quillian, and Clark, JJ., concur. Evans, J., dissents. Stolz, J., not participating.*

EVANS, Judge, dissenting. The State Revenue Commissioner made an assessment for sales tax against Cobb County-Marietta Water Authority, which collection was resisted by the Authority.

One of the Authority's contentions is that it is being discriminated against, in that Clayton County Water Authority and Bibb County Water & Sewerage Authority have been, by the Commissioner, excused from similar payments; and that such failure to collect from them, while actively seeking to collect from Cobb County-Marietta Water Au-

thority, violates the 14th Amendment to the Constitution of the United States as to "equal protection" (*Code* § 1-815); and violates the Constitution of Georgia in that "all taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." *Code Ann.* § 2-5403; Const. of 1945.

The majority opinion contends the Commissioner is excusable for failure to collect from Bibb County Water & Sewerage Authority because a special law creating said Authority provides for its exemption from said tax. (Ga. L. 1966, p. 2751, § 26). The majority contends the Commissioner is excusable for failure to collect from Clayton County Water Authority because said Authority, by the terms of the special law creating it, is in effect, a part of Clayton County, and urges that the general statute imposing said tax, to wit: *Code Ann.* § 92-3403a (C) (2) (d) exempts from collection "sales to the federal Government, the State of Georgia, or any *County* or municipality of said State."

Thus, it will be seen that the majority opinion places the fault or the discrimination on the General Assembly, and not on the Commissioner of Revenue. We do not believe this is a plausible argument or a reasonable excuse. It does not matter wherein the discrimination lies, each of these Authorities is a child or creature of the General Assembly of Georgia, and the Constitution of Georgia absolutely forbids the General Assembly to discriminate against its children, by use of the plain and unambiguous language that, "all taxation shall be uniform." The General Assembly has no more right to over-ride the mandate of the Constitution than has the Commissioner of Revenue.

When a general statute imposes a tax upon the citizens of Georgia, as is done in this instance by *Code Ann.* § 92-3402a et seq., there is no way that a *special or local law can be enacted to defeat the tax.* The Constitution of Georgia has made it quite plain that such will not be tolerated. It is provided in said Constitution, in *Code Ann.* § 2-401: "Laws of a general nature shall have uniform operation throughout the State, *and no special law shall be enacted*

*in any case for which provision has been made by an existing general law.* No general law affecting private rights, shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract, is capable of such consent." (Emphasis supplied.) Also see *Jenkins v. Jones,* 209 Ga. 758 (2) (75 SE2d 815) and *Moore v. Howard,* 181 Ga. 605 (2) (183 SE 495), which last cited case provides: "Furthermore, no law can be passed for a certain subdivision of the State which runs counter to the general law of the State." Further, respecting the majority opinion's contention that Clayton County Water Authority is in effect a part of Clayton County and excused from payment of the tax under the exemption quoted earlier as to counties, the entire quotation would show that Cobb County-Marietta Water Authority is also exempted, said entire quotation as to exempted sales being as follows: "(d) Sales to the Federal government, the State of Georgia, any county or municipality of the State of Georgia, *or any bona fide department of such government* when paid for directly to the seller by warrant on appropriated government funds . . ." (Emphasis supplied.)

The statute creating the Cobb County-Marietta Water Authority specifically provides that it is a part of and a political subdivision of the State of Georgia (see Ga.L. 1951, p. 498, § 2).

Thus it, as well as the Clayton County Water Authority, is included in the exemption set forth in the above general statute.

The majority opinion suggests that if the Cobb County-Marietta Water Authority "can be said to be an arm of the county and city, it is in no position to urge the denial of equal protection since in that event it is a creature of the State which does not enjoy the privileges and immunities afforded to its citizens." In support, the case of *Ellington Co. v. City of Macon,* 177 Ga. 541 (1b) (170 SE 813) is cited.

This same argument was used in a dissenting opinion in

the case of *Stewart v. Davidson,* 218 Ga. 760 (130 SE2d 822), but the majority of the Supreme Court held otherwise (see pp. 760-769). At page 764 the court stated: "It is not a valid argument to contend that since petitioners are public officers of a subordinate unit of the State they cannot attack this State law. The only requisite to the right to make the attack is a showing that it is hurtful to the attacker. *State Ports Authority v. Arnall,* 201 Ga. 713 (41 SE2d 246); *City of Moultrie v. Moultrie Bkg. Co.,* 175 Ga. 738 (165 SE 814); *Calhoun County v. Early County,* 205 Ga. 169 (52 SE2d 854); *Franklin v. Harper,* 205 Ga. 779 (55 SE2d 221); *State of Ga. v. Blasingame,* 212 Ga. 222 (91 SE2d 341); *Vandiver v. Williams,* 218 Ga. 60 (126 SE2d 210)." Thus, the State has the power, as a party litigant, to attack the validity of statutes of the General Assembly, and is not estopped or relegated to seeking repeal of the statute. See *Vandiver v. Williams,* 218 Ga. 60 (2), supra. Likewise, the public officers of a subordinate unit of the State may also raise constitutional attacks and the only requisite is that they show the law is hurtful to the attackers. *Stewart v. Davidson,* 218 Ga. 760, supra, p. 764.

Therefore, it is my opinion that the Cobb County-Marietta Water Authority has shown discrimination against it, either by the Commissioner of Revenue or by the General Assembly of Georgia.

There is yet another reason why no tax can be collected from the Cobb County-Marietta Water Authority. By reading the statutes with reference to Clayton County, Bibb County and Cobb County in pari materia as to the purposes of the establishment of the three Authorities (a board of five acting in and for Clayton County; and public corporations as to Bibb County and Cobb County) we find them, to all intents and purposes, drawn for the same purposes, with the same powers and duties. The legislature stated they are to be "liberally construed to effect the purposes hereof." No tax exemption is shown in the Clayton statute, although the Bibb statute states it, "shall be exempt from all taxes and special assessments of any city, county or the state or

any political sub-division thereof." Further, in reading the Cobb statute there is found in several places in the Act statements showing it to be tax exempt. Ga. L. 1951, pp. 497, 511. In § 8, p. 504, is found the following: "Such bonds and the income thereof shall be exempt from all taxation within the State." In § 23 thereof it is provided that: "Proceeds from the sale of revenue bonds . . . contributions . . . fees and earnings, shall be deemed to be trust funds to be held and applied solely as provided in this Act." The purposes of each and all of these three is to obtain financing from free enterprise by governmental agencies to perform municipal functions, and the law itself precludes taxation by any department of the government. In § 22, p. 510 of the Cobb County statute, it is provided that the powers, duties or existence of the Authority, its officers, employees or agents during the time that the bonds remain outstanding "shall not be diminished or impaired in any manner that will affect adversely the interest and rights of the holders of such bonds, *and no other entity, department, agency or authority will be created which will compete with the authority to such an extent as to affect adversely the interests and rights of the holders of such bonds, nor will the State itself so compete with the authority."* (Emphasis supplied.) This question arises: will not the State through the Revenue Commissioner in attempting to collect taxes weaken, impair and diminish the payment of the bonds? Nowhere in the Act is there provision for the payment of tax moneys, and none was contemplated in the drawing of this statute, for it is, indeed, a subdivision of the State as stated in § 2, p. 498.

The Cobb County-Marietta Water Authority is as much a part of the State as the Department of Revenue which seeks to collect this tax. Hence, the lower court did not err in sustaining the motion for summary judgment by the Authority and in denying same for the Commissioner.