**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 22, 2016**

# In the Court of Appeals of Georgia

A15A2407.  COLUMBUS, GEORGIA, BOARD OF TAX ASSESSORS v. THE MEDICAL CENTER HOSPITAL AUTHORITY.

BARNES, Presiding Judge.

The Board of Tax Assessors for Columbus, Georgia ("Tax Board") appeals the trial court's grant of summary judgment to The Medical Center Hospital Authority. The trial court found that eight parcels of real estate owned by the Hospital Authority were exempt from ad valorem property taxes for the years 2009 through 2012. The Tax Board argues that the trial court erred in concluding that the parcels were "public property" exempt from taxation regardless of how the property was being used. For the reasons that follow, we affirm.

The Medical Center Hospital Authority in Columbus submitted to the Muscogee County Board of Tax Assessors a "Request for Non-Taxability" for eight parcels of real estate for the years 2009 through 2012. The Tax Board denied the

requests. The Hospital Authority appealed the denial of non-taxability to the Muscogee County Board of Equalization, which granted the request as to one parcel, and denied it as to the other seven parcels. The Tax Board appealed the single grant of non-taxability to the superior court and the Hospital Authority appealed the denial of the other seven parcels to the superior court, which consolidated all of the actions. Following a hearing, the superior court granted the Hospital Authority's motion for summary judgment, holding that "[a]ll eight of the parcels of real property . . . whose taxability for ad valorem property tax purposes was properly before this court, are determined to be exempt from ad valorem property taxation."

The Tax Board argues that the trial court erred by holding that all of the parcels at issue were "'public property' exempt from ad valorem property taxation, regardless of how these parcels are used by the Authority, its lessee Doctors Hospital, and a private, for-profit sublessee." The Board also argues that the trial court erred in holding that the medical office building occupied by a for-profit clinic was tax-exempt.

The trial court's holding was not as specific as the Tax Board's description, however. While the court outlined the parties' arguments — the Hospital Authority's that its real property was exempt as "public property" under OCGA § 48-5-41 (a) (1)

2

(A), and exempt for the operation of facilities similar to those of cities and counties under OCGA § 31-7-72 (e) (1), and the Tax Board's argument that the property was not being used for a hospital or related purpose — the court simply concluded that the properties were exempt from ad valorem property taxation without explicating its reasons.

We conduct a de novo review of the law and the evidence when considering a trial court's grant or denial of a motion for summary judgment, and affirm the court's grant of the motion if it is right for any reason. *Alta Anesthesia Assocs. of Ga. v. Bouhan, Williams & Levy*, 268 Ga. App. 139, 142-143 (1) (601 SE2d 503) (2004).

As early as 1877, Georgia's constitution allowed our legislature to exempt "public property" from taxation. *Penick v. Foster*, 129 Ga. 217, 222 (58 SE 773) (1907). This exemption "rests upon the most fundamental principles of government, being necessary in order that the functions of government be not unduly impeded, and that the government be not forced into the inconsistency of taxing itself in order to raise money to pay over to itself, which money could be raised only by other taxation." Id. at 225.

The 1983 Georgia Constitution preserved all existing ad valorem tax exemptions "until otherwise provided for by law." Ga. Const. Art. VII, § II, Para. IV.

3

One such pre-existing statutory exemption in the Georgia Public Revenue Code provides that "all public property" is exempt from "all ad valorem property taxes in this state." OCGA § 48-5-41 (a) (1) (A). The Hospital Authority Law contains another pre-existing statutory ad valorem tax exemption, granting to Authorities "the same exemptions and exclusions from taxes as are now granted to cities and counties for the operation of facilities similar to facilities to be operated by hospital authorities as provided for under this title." OCGA § 31-7-72 (e) (1).

The first question framed by the Tax Board in this appeal is whether *all* real property owned by a hospital authority is automatically exempt from ad valorem taxes "regardless of the factual circumstances surrounding how these parcels are used." The second question is whether a medical office building leased to a for-profit clinic, which is located on the same parcel of property occupied by a non-profit hospital, was subject to ad valorem taxes. To answer these questions, we must review the statutes and case law.

Hospital authorities are quasi-governmental entities first created by statute 75 years ago.

In 1941, the State of Georgia amended its Constitution to allow political subdivisions to provide health care services. 1941 Ga. Laws p. 50. The

4

State concurrently enacted the Hospital Authorities Law ..., Ga. Code Ann. § 31-7-70 et seq. (2012), 'to provide a mechanism for the operation and maintenance of needed health care facilities in the several counties and municipalities of the state.' § 31-7-76 (a). The purpose of the constitutional provision and the statute based thereon was to create an organization which could carry out and make more workable the duty which the State owed to its indigent sick. As amended, the Law authorizes each county and municipality, and certain combinations of counties or municipalities, to create "a public body corporate and politic" called a "hospital authority." §§ 31-7-72 (a), (d). Hospital authorities are governed by 5- to 9-member boards that are appointed by the governing body of the county or municipality in their area of operation. §31-7-72 (a).

(Citation and punctuation omitted.) *Federal Trade Commission v. Phoebe Putney Health System, Inc.*, ___ U.S. ___ (133 SCt 1003, 1007; 185 LE2d 43) (2013) (holding that State's grant of general corporate powers to hospital authorities does not include permission to use those powers anti-competitively).

In 1964, the Georgia legislature amended the Hospital Authorities Law to grant to hospitals run by hospital authorities the same tax relief granted to hospitals run by the government. *Undercofler v. Hospital Auth*., 221 Ga. 501, 503-504 (1) (145 SE2d 487) (1965) (specifically addressing exemption from sales and use tax); OCGA § 31-7-72 (e) (1). Our Supreme Court determined that the 1964 legislation "was intended

as a remedy for the evil of the law as [previously] construed by the Court of Appeals whereby this means of protecting the health of cities and counties[, (services provided by hospital authorities),] was made to pay taxes while the identical services by cities and counties were exempt." *Undercofler*, 221 Ga. at 504 (1).

Five years later, the Georgia Supreme Court found no constitutional restraint upon a hospital authority's ability to issue revenue anticipation certificates to finance the construction of a new hospital, then lease it to a non-profit hospital that would repay the debt from its revenue. *Bradfield v. Hospital Authority of Muscogee County*, 226 Ga. 575 (176 SE2d 92) (1970). That year, the court also addressed the issue squarely before us in this case, and held that real property owned by a hospital authority that produces income used to further the authority's mission is exempt from ad valorem taxes, in *Hospital Authority of Albany v. Stewart*, 226 Ga. 530 (175 SE2d 857) (1970). Specifically, the Supreme Court considered the following certified question from the Court of Appeals: whether

> real property held and owned by a public hospital authority, created under and by virtue of the Hospital Authorities, [is] "public property" within the meaning of the Constitution of 1945, Art. VII, Sec. I, Par. IV (Code Ann. § 2-5404) and Ga. L. 1946, p. 12, as amended (Code Ann. § 92-201) so as to be exempt from ad valorem taxation, where the property itself is not a part of the hospital but its income is properly

6

devoted to public purposes (hospital operations) in the furtherance of the legitimate functions of the hospital authority.

Id. at 531-532.

Comparing the situation before it to that in *Undercofler*, 221 Ga. 501, the Supreme Court in *Stewart* reasoned as follows: "While that case dealt with the Sales and Use Tax Act[,] the same reasoning would apply as to ad valorem taxes. The exemption to cities and counties is because their property is public property. The same exemption for a hospital authority of necessity would be because its property is public property." 226 Ga. at 538; OCGA § 31-7-72 (e) (1).

The Tax Board in this case points out that *Stewart* does not expressly hold that a hospital authority's use of its property was wholly irrelevant to its tax exempt status. While we agree that *Stewart* does not expressly so hold, it does hold that a hospital authority's use of income from property that was not part of the hospital is relevant to the taxability of that property. The opinion itself contains little information about the nature of the property at issue, but the certified question indicated that the property was not part of the hospital, and that its income was "devoted to public purposes (hospital operations) in the furtherance of the legitimate functions of the

7

hospital authority." 226 Ga. at 531.[1] The Supreme Court concluded that, because the income was used to operate the hospital, the property from which the income was derived was "public property" exempt from ad valorem taxes.

In this case, the record establishes that only one of the eight parcels at issue generated any income during the tax years in question, that being the parcel on which both Doctors Hospital and the Columbus Clinic were located. The Hospital Authority leased the property to the non-profit Doctors Hospital, which subleased a portion to the for-profit Columbus Clinic. The issue as to that parcel was whether, consistent with *Stewart*, the income it produced was devoted to hospital operations "in the furtherance of the legitimate functions of the hospital authority." *Stewart*, 221 Ga. at 531. If it was, the parcel was not taxable.

The other seven parcels produced no income. The issue as to those parcels was whether their use, rather than any income derived from their use, was devoted to public purposes in furtherance of the Hospital Authority's legitimate functions. If

---

[1]The Supreme Court revealed in a later case that the hospital authority property found exempt from taxation in *Stewart* consisted of "several city lots, some pecan groves and some farming acreage." *Teachers' Retirement System of Ga. v. City of Atlanta*, 249 Ga. 196 (288 SE2d 200) (1982). In *Teachers'*, the Court held that property owned by a public corporation for income-producing purposes was public property exempt from taxation.

they were, then the authority owed no ad valorem taxes to the Tax Board and the trial court did not err.

1. While the Tax Board argues that the superior court granted summary judgment "without any consideration of how the Authority is using any of the eight parcels at issue" and that "fact issues exist" as to the Authority's use, it has not identified what those factual issues might be. In its motion for summary judgment, the Hospital Authority argued that "real property owned by a Georgia hospital authority is wholly exempt from ad valorem property taxation because it is 'public property,'" but it also submitted evidence describing how the parcels were used. The Tax Board produced no evidence that the properties were being used in a different manner.

To support its motion for summary judgment, the Hospital Authority submitted the affidavit of its assistant treasurer, who stated that the Authority has no employees and does not actively manage or operate the healthcare facilities it owns, but instead leases them to entities who are then responsible for the facilities' management. The Authority is exempt from federal income taxes as both a governmental entity and a non-profit company under § 501 (c) (3) of the Internal Revenue Code. The Hospital Authority financed the 2008 purchase of these eight parcels of real property by

issuing income-tax-exempt debt instruments. Seven of the parcels were purchased from Columbus Doctors Hospital, Inc. One parcel, which the Authority leases to the non-profit Doctors Hospital, Inc., contains both Doctors Hospital and a medical office building containing the for-profit Columbus Clinic. Doctors Hospital, Inc., manages and operates the hospital and sublets the medical office building to the Columbus Clinic. A multi-level parking deck is located on four of the parcels, produces no income, and is available to patients, visitors, and employees of both the hospital and clinic. The last two parcels are paved parking lots that are also available at no charge to patients, visitors, and employees.

The eighth parcel at issue is one of three conveyed to the Hospital Authority when it bought Hughston Hospital in 2008 and is a wooded area with walking trails that is part of the hospital grounds. That parcel generates no income. According to the assistant treasurer, the Tax Board granted the Hospital Authority's Request for Nontaxibility on the other two parcels, one containing Hughston Hospital itself and the other also containing the wooded walking trails.

In its motion for summary judgment, the Hospital Authority argued its property was exempt from ad valorem taxation as long as the property or any income produced by it was "properly devoted to public purposes, and to the furtherance of the

10

legitimate functions of a hospital authority." The Authority also argued that all of the parcels supported and complemented the provision and receipt of medical services, although it also argued that their use need not be related to the provision of medical services to be exempt. In response, the Tax Board argued that exemptions from taxation must be strictly construed, and that the Authority had failed to demonstrate that the parcels — which included "undeveloped acreage" next to Hughston Hospital or the remote parking lots near Doctors Hospital — were being used to further its legitimate functions.

Clearly, the mere fact that property is owned by a Hospital Authority does not exempt it from property taxes. Also clearly, under *Stewart*, 226 Ga. at 531, the property need not actually contain a healthcare facility to be exempt, as long as the use of the property or its income furthers "the legitimate functions of the hospital authority." Id. The Tax Board endorses a reading of the law that would require a Hospital Authority to justify its use of property as a free benefit to patients that might otherwise generate income, but that is not required. No evidence in the record creates an issue of fact regarding the usage of the properties, but rather the evidence establishes as a matter of law that all of the parcels at issue in this case further the legitimate function of the Hospital Authority. None of the properties are used for a

11

purpose "wholly unrelated" to the Hospital Authority's function. The parking lots obviously further the function of the hospital by providing free parking for Doctors Hospital patients, visitors, and employees, and one parcel contains the hospital itself. Further, the walking trails in the wooded lot on the Hughston Hospital grounds are available to patients, visitors, and employees. The trial court did not err in finding that the parcels were exempt from ad valorem taxation.

2. The Tax Board also argues that the trial court should not have granted summary judgment to the Hospital Authority on the taxability of the parcel on which both Doctors Hospital and the Columbus Clinic were located.

While OCGA § 31-7-72 (e) (1) grants the property tax exemption to hospital authorities as described earlier, § 31-7-72 (e) (2) provides that the property tax exemption does not apply to any real property in which 50 percent or more of the floor space is leased to a for-profit entity. The Tax Board argues that if the Authority had complied with its request to divide the parcel containing both the hospital and the clinic when it bought the property, then the portion on which the clinic was located would clearly have been taxable, because 100 percent of the floor space was occupied by a for-profit company.

But when the Hospital Authority bought the parcel, it already contained both facilities. The Authority did not merge two parcels and then argue that it was entitled to an exemption because the clinic was less than half the size of the hospital. And to support its motion for summary judgment, the Hospital Authority included the affidavit of a registered land surveyor establishing that the square footage of the clinic was less than half of the hospital's square footage. While the Tax Board argues that the two buildings are separate and that the Authority should not be allowed to exclude the property from taxation by "artful line-drawing," it cites to no record evidence regarding that issue. And under the plain terms of the statute, the exemption was not lost, because less than 50 percent of the floor space on that parcel of land was leased to a for-profit company. Accordingly, the trial court did not err in finding the parcel exempt from ad valorem property taxes.

*Judgment affirmed. Ray and McMillian, JJ. concur.*